**Rodney Lee BLUM, Appellant,**

v.

**Sharri JULIAN, Appellee.**

**No. 2–96–323–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 28, 1998.

Short, How, Lozano, Frels & Tredoux, and Mark H. How, Dallas, for appellant.

Thompson, Coe, Cousins & Irons, and John B. Kronenberger, Dallas, for appellee.

Before CAYCE, C.J., and LIVINGSTON and HOLMAN, JJ.

## OPINION

LIVINGSTON, Justice.

### I. INTRODUCTION

Appellant Rodney Lee Blum appeals from the trial court's grant of summary judgment in favor of Sharri Julian in his suit related to allegations that he had sexually abused his daughters and step-daughters. In seven points, Blum contends the trial court erred in granting summary judgment in favor of Julian. We affirm the trial court's judgment.

### II. FACTUAL BACKGROUND

Blum married Sharon Blum in 1982. They had two girls, J.B. and A.B. The couple separated in December 1989 and Sharon filed for divorce in 1990. A custody battle ensued with Sharon originally gaining custody. Concerned about the children, Sharon had them evaluated in June 1991 by a psychologist, Harry Baker, PhD., who voiced concerns about possible sexual abuse. Sharon then requested and got an order suspending Blum's visitation rights until a more in-depth evaluation could be obtained. Baker performed the in-depth evaluation and found no reason why Blum's visitation could not be reinstated. Blum subsequently regained his visitation rights, and on September 30, 1991,

he asked to be appointed sole managing conservator for the children.

J.B. made an outcry of sexual abuse in October 1991. Child Protective Services (CPS) investigated, and Sharon later got an order terminating Blum's visitation. In late 1991, Sharon's attorney, Sarraine Krause, retained Julian, who is a licensed counselor with expertise in the field of sexual abuse, to evaluate the girls' claims of sexual abuse. Julian interviewed J.B., A.B., and Sharon's other two daughters by a previous marriage. Julian concluded that all four girls had been abused. Julian related her conclusions to Sharon, Krause, and the girls' attorney ad-litem, Janice Schattman. Julian also contacted the Arlington Police Department about the step-daughters' allegations. Blum was indicted on sexual abuse charges involving J.B., A.B., and one of his stepdaughters. The case involving J.B. went to trial, and Blum was acquitted. The remaining indictments were dismissed.

Blum filed this suit against Sharon, Bradley Wright,[1] and Julian for malicious prosecution, intentional infliction of emotional distress, outrageous conduct, false light invasion of privacy, and civil conspiracy.[2] Blum nonsuited Sharon and Wright. Julian moved for summary judgment on the affirmative defenses of judicial proceedings privilege and immunity under the Texas Family Code. Julian attached her affidavit as summary judgment proof. The trial court granted summary judgment in favor of Julian on May 3, 1995. The trial court's order did not specify the grounds for its ruling.

### III. DISCUSSION

#### A. Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R.Civ.P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

The burden of proof is on the movant and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990); *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.*, 391 S.W.2d at 47.

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense as a matter of law such that there is no genuine issue of material fact. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

### B. MERITS OF SUMMARY JUDGMENT

#### 1. Privilege and Immunity

■ In his first three points, Blum asserts Julian failed to prove she was entitled to summary judgment under the immunity provisions of the Texas Family Code because: (1) Julian failed to establish each element of the affirmative defense; (2) genuine issues of material fact exist as to whether the affirmative defense was applicable to all instances in the case; and (3) genuine issues of material fact exist as to whether some of Julian's actions or conduct were encompassed within the immunity exceptions.

The Texas Family Code requires that a "person having cause to believe that a child's

---

1. Wright was a neighbor of the Blums.

2. Blum also sued Sharon and Wright for libel and slander.

physical or mental health or welfare has been adversely affected by abuse or neglect" shall immediately report the allegations to the proper authorities. *See* TEX.FAM.CODE ANN. § 261.101 (Vernon Supp.1998), §§ 261.102–103 (Vernon 1996). Section 261.106 provides immunity for persons who make these reports:

(a) A person acting in good faith who reports or assists in the investigation of a report of alleged child abuse or neglect or who testifies or otherwise participates in a judicial proceeding arising from a report, petition, or investigation of alleged child abuse or neglect is immune from civil or criminal liability that might otherwise be incurred or imposed.

(b) Immunity from civil and criminal liability extends to an authorized volunteer of the department or a law enforcement officer who participates at the request of the department in an investigation of alleged or suspected abuse or neglect or in an action arising from an investigation if the person was acting in good faith and in the scope of the person's responsibilities.

(c) A person who reports the person's own abuse or neglect of a child or who acts in bad faith or with malicious purpose in reporting alleged child abuse or neglect is not immune from civil or criminal liability.

Id. § 261.106 (Vernon 1996).[3]

Here, Blum asserts various causes of action that are all related to Julian's investigation, diagnosis, and report of alleged child sexual abuse concerning Blum's daughters and step-daughters. Although Blum categorizes his claims in terms of conspiracy and intentional malfeasance, this is exactly the type of suit the Family Code immunity provisions are designed to prevent. *See, e.g., Bird v. W.C.W.*, 868 S.W.2d 767, 769, 771 n. 5 (Tex.1994) (noting applicability of Family Code immunity provisions in similar case

against psychologists and stating that "mental health professionals should be allowed to exercise their professional judgment in diagnosing sexual abuse of a child without the judicial imposition of a countervailing duty to third parties"); *Morales v. Murphey*, 908 S.W.2d 504, 507 (Tex.App.—San Antonio 1995, writ denied) (denying liability *** in similar case against psychotherapists); *Viviano v. Moore*, 899 S.W.2d 326, 328 (Tex. App.—Houston [14th Dist.] 1995, writ denied) (applying Family Code immunity provisions to all of plaintiff's claims related to family therapy counselor's report of sexual abuse and determining plaintiff could not recast compliant to avoid immunity provisions); *Vineyard v. Kraft*, 828 S.W.2d 248, 253–54 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (discussing need for immunity in cases involving the reporting of sexual abuse). The fact that Julian also reported her conclusions to Sharon, Krause, and the girls' attorney ad-litem does not extinguish the immunity. *See Vineyard*, 828 S.W.2d at 253–54 (providing immunity where doctor reported allegations of abuse to the child's mother and a court-appointed psychologist whose job was to look after the best interests of the child). Thus, Julian is entitled to immunity unless she acted in bad faith or with malice. *See Viviano*, 899 S.W.2d at 328.

In her affidavit, Julian states: (1) she was hired to investigate the girls' allegations of abuse; (2) she did not practice hypnosis with the girls; and (3) she never conspired with Sharon or Wright to coach the girls to fabricate the allegations of sexual abuse. Blum asserts he raised a fact issue concerning malice or bad faith because his experts opined that Julian used a "highly suggestive" and "unreliable" form of hypnosis called "trance weaving" during her sessions with the girls and that the hypnosis technique "possessed [a] great likelihood of implanting false memories in the children." While this evidence may be probative of negligence, it does not show malice or bad faith. *Cf. Digby*

---

3. At the time of trial, the immunity provisions were found in section 34.03 of the Texas Family Code. *See* Act of May 28, 1989, 71st Leg., R.S., ch. 371, § 8, 1989 Tex.Gen.Laws 1462, *recodified by* Act of April 11, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex.Gen.Laws 113, 261, *amended by* Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 91, 1995 Tex.Gen.Laws 3888, 3923 (current version at TEX.FAM.CODE ANN. § 261.106 (Vernon 1996)). Because the changes in the immunity provisions are not material to the outcome of this case, we cite to the current statute.

*v. Texas Bank,* 943 S.W.2d 914, 922 (Tex. App.—El Paso 1997, writ denied) (defining malice as "ill will, evil motive, gross indifference, or reckless disregard of the rights of others."); BLACK'S LAW DICTIONARY 139 (6th ed.1990) (stating that bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; it is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will."). Nor has Blum presented any competent summary judgment evidence to support his conclusory allegations that Julian participated in a conspiracy or intentionally coached the girls to fabricate allegations of sexual abuse. Without such evidence, Blum has failed to raise a fact issue concerning malice or bad faith and summary judgment in favor of Julian was proper on the ground of immunity under the Family Code. *See Viviano,* 899 S.W.2d at 328. We overrule Blum's first three points. Having found summary judgment was proper on that ground, we need not reach Blum's fourth point concerning the judicial proceedings privilege and, thus, overrule it. *See Star–Telegram, Inc.,* 915 S.W.2d at 473.

### C. Evidence and Timing of Summary Judgment

#### 2. Julian's Affidavit

■ In his fifth and sixth points, Blum argues the trial court erred in considering Julian's affidavit as summary judgment evidence because it was not readily controvertible. Julian asserts: (1) Blum waived any error by not presenting his objections to the trial court or obtaining a ruling; and (2) the affidavit is sufficiently based in fact so as to be readily controvertible.

Texas Rule of Appellate Procedure 33.1 states:

(a) *In general.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly, or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX.R.APP.P. 33.1(a) (emphasis added).

■ Subsection 2(A) is a substantive revision to Rule 33.1(a)'s predecessor, Rule 52. *See* TEX.R.APP.P. 52, 49 TEX.B.J. 573 (Tex. 1986). This addition relaxes the former requirement of an express ruling, and is consistent with case law holding that an appellate court can presume the trial court overruled an objection in certain circumstances. *See Salinas v. Rafati,* 948 S.W.2d 286, 288 (Tex. 1997) (finding that granting of motion to disregard "automatically" denied motion for judgment on verdict); *Acord v. General Motors Corp.,* 669 S.W.2d 111, 114 (Tex.1984) (presuming objection to charge was overruled because trial court did not alter objection to language); John Hill Cayce, Jr. et al., *Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure,* 49 BAYLOR L.REV. 867, 874 n. 10 (1997) (discussing new rule 33.1(a)(2)(A)); State Bar of Texas Appellate Section, *Significant Features of the New Texas Rules of Appellate Procedure* p. 10, *in* GUIDE TO THE NEW TEXAS RULES OF APPELLATE PROCEDURE 1997 (stating "[a] signed, separate order is not required, as long as the record otherwise shows that the ruling was made"). Thus, in some instances, a party need no longer get an express ruling on an objection to preserve error if the ruling is implicit in the court's findings.

■ Here, the fact that the trial court granted Julian's motion for summary judgment creates an inference that it implicitly

reviewed and overruled Blum's objections. However, a review of Julian's affidavit reveals that it is competent summary judgment evidence because it was clear, positive, direct, credible, and readily controvertible in that Blum could have found evidence to counter Julian's assertion that she did not coach or conspire to accuse Blum of sexual abuse. *See* TEX.R.CIV.P. 166a(c); *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989) (stating that readily controvertible means the affidavit could be easily countered by opposing evidence). As stated above, Blum failed to present opposing evidence. We overrule Blum's fifth and sixth points.

### 3. Timing of Julian's Motion

In his seventh point, Blum contends Julian's summary judgment motion was premature because discovery was incomplete. Julian asserts: (1) Blum waived any error by not presenting his objections to the trial court or obtaining a ruling; and (2) the trial court did not abuse its discretion in denying a continuance because Blum failed to present any evidence that one was necessary.

Blum contended in his first supplemental response to Julian's motion that summary judgment was premature because he had yet to finish discovery. Blum's attorney attached his own affidavit to support this proposition. Blum never obtained a ruling on his objection. However, as with his objections concerning Julian's affidavit, the fact that the trial court granted Julian's motion for summary judgment creates an inference that it implicitly reviewed and overruled Blum's objections. *See* TEX.R.APP.P. 33.1(a)(2)(A).

Turning to the merits of Blum's point, we find the trial court did not abuse its discretion in denying a continuance. The case was on file for ten months before the summary judgment was granted and Blum failed to present at trial, or on appeal, a sufficient reason why more time was necessary. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). Absent a compelling reason why a continuance was necessary, we will not find an abuse of discretion. We overrule Blum's seventh point.

### IV. CONCLUSION

We affirm the trial court's judgment.