**WELL SOLUTIONS, INC., Appellant,**

v.

**Ross STAFFORD, Jr. d/b/a/ Superior Trailer Sales, Appellee.**

**No. 04–00–00001–CV.**

Court of Appeals of Texas,
San Antonio.

Sept. 29, 2000.

Rehearing Overruled Nov. 15, 2000.

Kenneth G. Engerrand, Michael A. Varner, Brown, Sims, Wise & White, P.C., Houston, for Appellant.

Mario P. Bordini, Mata & Bordini, Inc., San Antonio, Patricia Alvarez, Alvarez & Notzon, L.L.P., Laredo, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

Well Solutions, Inc. appeals the summary judgment against it in its suit against Ross Stafford, Jr. d/b/a Superior Trailer Sales. We reverse the trial court's judgment and remand the cause for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 1997, Roland Benavides was driving a truck and towing a line heater mounted on a trailer. An accident occurred in which Roland's passenger, his brother Raul, was killed. After the accident, the survivors and estate of Raul Benavides filed Cause No. 16,831 in the 229th Judicial District Court of Duval County against Dawson Production Services, Inc., Well Solutions, Inc., and others. After that litigation was resolved, Roland Benavides and his wife Lamar sued Well Solutions, Inc. for their injuries arising out of the same accident. Well Solutions filed a third-party claim, alleging Ross Stafford, Jr. d/b/a Superior Trailer Sales manufactured the trailer involved in the accident. Superior Trailer answered and moved for summary judgment under Texas Rule of Civil Procedure 166a(c) and (i). Superior Trailer supported its motion with affidavits establishing it did not manufacture the trailer. Well Solutions responded, attaching deposition excerpts and an affidavit from Cause No. 16,831 and uncertified copies of records of the Texas Department of Public Safety and the Texas Department of Public Transportation. Superior Trailer objected to this evidence, arguing it was inadmissible hearsay and incompetent. However, these objections were not ruled upon by the trial court orally at the hearing, in a written order, or in the summary judgment. The trial court granted Superior Trailer's motion.

### STANDARD OF REVIEW

We review a summary judgment de novo. *Valores Corporativos, S.A. de C.V.*

*v. McLane Co.*, 945 S.W.2d 160, 162 (Tex. App.—San Antonio 1997, writ denied). Accordingly, we will uphold a traditional summary judgment only if the summary judgment record establishes the absence of a genuine issue of material fact, and the movant is entitled to summary judgment on a ground set forth in the motion. *Id.* In deciding whether the summary judgment record raises a genuine issue of material fact, we view as true all evidence favorable to the respondent. *Id.*

## DISCUSSION

As Superior Trailer appears to concede, Well Solutions' summary judgment evidence raises a material issue of fact as to whether Superior Trailer manufactured the trailer. For example, David Briley testified on deposition in the wrongful death case that he knew the trailer was manufactured by Superior Trailer. Thus, Superior Trailer argues we may not consider Well Solutions' summary judgment evidence. We disagree.

### *Failure to Obtain Rulings*

Well Solutions argues Superior Trailer waived all objections to the form of its summary judgment evidence because it failed to obtain rulings. We agree.

■ As a general rule, a complaint is preserved for appellate review only if the record establishes the complaint was made known to the trial court in a timely manner, and the trial court ruled on the complaint. *See* TEX.R.APP. P. 33.1(a). Until recently, it was well settled that the trial court's rulings on objections to summary judgment evidence were required to be express and in writing. *E.g., Utilities Pipeline Co. v. American Petrofina Mktg.*, 760 S.W.2d 719, 722–23 (Tex.App.—Dallas 1988, no writ). Effective September 1, 1997, however, the Texas Rules of Appellate Procedure were amended to permit a trial court's ruling to be either express or implicit. TEX.R.APP. P. 33.1(a)(2)(A). A ruling is implicit if it is unexpressed but capable of being understood from some-

thing else. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1135 (1981).

■ Superior Trailer argues the trial court implicitly granted its objections because it granted its motion for summary judgment. In support of its argument, Superior Trailer relies upon *Salinas v. Rafati*, 948 S.W.2d 286 (Tex.1997). We believe this reliance is misplaced. In *Salinas*, the trial court granted the defendants' motion to disregard certain jury findings and did not expressly rule on the plaintiffs' motion for judgment on those findings. *Id.* at 288. Because there was no express ruling on the plaintiffs' motion, the defendants argued the plaintiff had waived any error. *Id.* The supreme court disagreed, holding the order granting the defendants' motion to disregard "automatically" denied the plaintiffs' motion for judgment on those findings. *Id.* This is of course necessarily true. The trial court could not have granted the defendants' motion to disregard without also denying the plaintiffs' motion for judgment on those findings.

Superior Trailer also relies upon two decisions by the Fort Worth Court of Appeals—*Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex.App.—Fort Worth 1999, pet. denied), and *Blum v. Julian*, 977 S.W.2d 819, 823–24 (Tex.App.—Fort Worth 1998, no pet.). In *Blum*, the Fort Worth Court of Appeals extended *Salinas* to objections to summary judgment proof, holding the trial court implicitly overruled the plaintiff's objections to the defendant's summary judgment proof when it granted the defendant's motion for summary judgment. *Blum*, 977 S.W.2d at 823–24. Similarly, in *Frazier*, the court held the trial court implicitly sustained the defendant's objections when it granted his motion for summary judgment. *Frazier*, 987 S.W.2d at 610. *See also Harris v. Spires Council of Co–Owners*, 981 S.W.2d 892, 898–99 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (O'Connor, J., dissenting) ("By granting the motion for summary judgment, the trial court implicitly sustains the objections

made by the movant and overrules those made by the non-movant."). We cannot agree with this reasoning.

■ Granting a motion to disregard certain jury findings necessarily implies the denial of a motion for judgment on those findings. The two motions are alternatives and thus present an either-or situation. If the trial court grants the former, it must deny the latter. But rulings on a motion for summary judgment and objections to summary judgment evidence are not alternatives; nor are they concomitants. Neither implies a ruling—or any particular ruling—on the other. In short, a trial court's ruling on an objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment; a ruling on the objection is simply not "capable of being understood" from the ruling on the motion for summary judgment. We therefore reject the reasoning in *Blum* and *Frazier.* We instead align ourselves with the Fourteenth Court of Appeals. *See Dolcefino v. Randolph,* 19 S.W.3d 906, 926 (Tex.App.—Houston [14th Dist.] 2000, no pet. h.) ("Unlike other courts faced with similar situations, we cannot infer from the record in this case that the trial court implicitly overruled or implicitly sustained appellants' objections.").

### Substantive v. Formal Defects

Superior Trailer next argues its objections went to the substance of Well Solutions' summary judgment proof; therefore, it may raise these objections for the first time on appeal. We again disagree.

■ "While the rule requires a party to object to defects in the *form* of an affidavit, defects in the *substance* of the proof are not waived despite the lack of an objection." TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 6.09[1][b], at 86 (2d ed.1996); *see* TEX.R. CIV. P. 166a(f). Purely formal defects may not be raised for the first time on appeal. *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 234 (Tex.1962). The defect is purely formal if the factual statements in an affidavit are "not obviously based on hearsay." *Id.; see Ford Motor Co. v. Leggat,* 904 S.W.2d 643, 645 (Tex.1995).

■ As mentioned above, David Briley testified that he knew that Superior Trailer manufactured the trailer. Superior Trailer objected to Briley's deposition on two grounds. First, the deposition was taken in the wrongful death case and is therefore hearsay as to Superior Trailer, which was not a party or in privity with any party in the wrongful death case. *See* TEX.R. EVID. 801(e)(3); TEX.R. CIV. PROC. 203.6(c). This is at most a defect of form. Like an affidavit, the deposition excerpt constitutes "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 1998). Superior Trailer also objected to Briley's deposition excerpt because it does not establish the foundation for Briley's statement. However, this, too, is a purely formal defect. *See Leggat,* 904 S.W.2d at 645–46.

### Mother Hubbard Clause

■ Finally, Superior Trailer argues the trial court overruled its objections to Well Solutions' summary judgment evidence by including a Mother Hubbard clause in the summary judgment. We disagree. A Mother Hubbard clause operates on claims, not objections to summary judgment evidence. *See Mafrige v. Ross,* 866 S.W.2d 590, 592 n. 1 (Tex.1993).

### CONCLUSION

■ By failing to obtain rulings, Superior Trailer waived its objections to the form of Well Solutions' summary evidence. We may therefore consider the excerpt from the deposition of David Briley, which raises a fact issue as to whether Superior Trailer manufactured the trailer at issue. Accordingly, we reverse the trial court's

judgment and remand the cause for further proceedings.