Alexander BUNKER, Appellant,

v.

LANDSTAR LIGON, INC., Appellee.

No. 13–00–612–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

May 13, 2004.

Scott C. Lannie, Lannie & VanCleave, P.L.L.C., Baytown, for appellant.

Marvin B. Peterson, Richard H. Parker Jr., Houston, for appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and AMIDEI.[1]

## OPINION

Opinion by Justice AMIDEI (Assigned).

Alexander Bunker, appellant, appeals from a summary judgment rendered in favor of Landstar Ligon, Inc., appellee, dismissing his negligence suit for personal injury damages. Appellant settled with West Belt Trucking, Inc. (West Belt) and Sidney Truitt (Truitt) and those parties are not included in this appeal.

### Background

Appellant, an employee of West Belt and another young co-worker, were attempting to move a load of lumber with a forklift at West Belt's facility in Houston, Texas, when a rope appellant was holding got caught in the forklift wheel and cut off the tip of his thumb. Appellee contracted with West Belt to solicit freight and to use its property as a terminal. Also, West Belt was conducting a pallet recycling project with money advanced by appellee. Appellee retained a general right to control the activities on West Belt's property. Appellant alleged that appellee's agency rela-

---

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon Supp.2004).

tionship and control over West Belt's activities made it vicariously liable for West Belt's negligence, notwithstanding the contract provision defining West Belt as an independent contractor. The trial court granted appellee's no-evidence motion for summary judgment. We affirm.

### Standard of Review

A no-evidence summary judgment is equivalent to a pretrial directed verdict and, in reviewing the grant of a no-evidence summary judgment, this court applies the same legal sufficiency standard as applied in reviewing directed verdicts. *Zapata v. The Children's Clinic*, 997 S.W.2d 745 (Tex.App.-Corpus Christi 1999, pet. denied).

■■■ A contract construction is a matter of law for the trial court. *Elliott–Williams Co., Inc. v. Diaz*, 9 S.W.3d 801, 803 (Tex.1999). A court's primary concern is to ascertain and give effect to the parties' intentions as expressed in the instrument. *Id.*

### Issues

■■ Appellant's issue number one asserts that the trial court erred in granting summary judgment in favor of appellee. Appellant's cause of action is based on the theory that West Belt was the agent of appellee and was directly and vicariously liable to him for the negligence of appellant's co-employee. Appellant claims the agency was established by an agency agreement; the fact that Mr. Truitt, the president of West Belt, was appellee's on-site safety officer and carried business cards identifying himself as appellee's agent; and that a large Landstar sign was erected on appellant's worksite. Although the "agency contract" provided that West Belt was an independent contractor, appellant argues *Redinger v. Living, Inc.*, 689 S.W.2d 415 (Tex.1985), applies to make appellee liable because of its control over the work conducted on West Belt's premises. In *Redinger*, the facts that Living, Inc., the general contractor, retained the power to direct the order in which the work was to be done and to forbid the work being done in a dangerous manner, and exercised this control by coordinating the work performed by two subcontractors and specifically ordering the activity or instrumentality, *i.e.*, the moving of dirt with a tractor with a box blade which crushed Redinger's left index finger, were cited by the Supreme Court to support its adoption and application of the rule enunciated in the Restatement (Second) of Torts:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

*Id.* at 418. However, *Redinger* is distinguishable and not applicable in the instant case because the appellee, allegedly having control over the work conducted on West Belt's premises, did not retain the power to direct the order in which the work was to be done and to forbid the work being done in a dangerous manner, and did not direct the activity or instrumentality, *i.e.*, the use of a rope by appellant's co-worker on a forklift which cut off the tip of appellant's thumb. Dictum in *Redinger* cites Restatement (Second) Torts § 414 cmt. c (1965), which provides:

> The employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a *general right* to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or

recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a *general right* is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

*Id.* (Emphasis supplied).

■ Recognizing that every premises owner [2] must have some latitude to tell its independent contractors what to do, in general terms, and may do so without becoming subject to liability, in *Koch Refining Co. v. Chapa*, the supreme court held that for section 414 cmt. c to apply there must not be a contractually retained supervisory right that the contractor is "not entirely free to do the work in their own way," and the mere presence of the owner's safety employee with the possibility he might intervene to prevent the dangerous activity. *Koch Refining Co. v. Chapa*, 11 S.W.3d 153, 155 (Tex.1999).

■ In this case, the contract between appellee and West Belt gave appellee a general right to control the business and the right to require West Belt to conduct its business in a business-like manner, but did not retain such a right of supervision that West Belt was not entirely free to do the work in its own way. Even if West Belt's president was appellee's on-site safety officer, there was no proof there were safety rules as to the use of ropes with forklifts or that appellee actually exercised control over West Belt's pallet recycling operation. Appellant does not claim that any company safety rule or

statute regarding forklift operation was violated. There was no proof that appellee routinely violated or ignored a safety guideline and either failed to cancel the contract or require corrective action. *Id.* A premises owner by merely placing a safety employee on the work site, does not incur a duty to an independent contractor's employees to intervene and ensure that they safely perform their work. *Id.* Neither West Belt nor appellee were on notice of any safety problem. There was no proof that appellant or anyone else had used a rope to tie down forklift loads, or that the use of rope in such manner was something which was ordinary or even necessary, in operating a forklift used to lift and move heavy, well-balanced loads short distances. The Texas Supreme Court has never concluded that a general contractor actually exercised control of a premises where, as here, there was no prior knowledge of a dangerous condition and no specific approval of any dangerous act. *Dow Chemical Co. v. Bright*, 89 S.W.3d 602, 609 (Tex.2002). Appellee had no prior knowledge of a dangerous condition and did not specifically approve any dangerous act. Appellee did not owe appellant any duty, even assuming there was an agency relationship between West Belt and appellee. There was no proof that the contractual control retained by appellee related to the condition or activity that caused the injury, that is, the use of a rope on a forklift. *Elliott–Williams Co. v. Diaz*, 9 S.W.3d 801, 804 (Tex.1999). We conclude that appellant has failed to present summary judgment evidence raising a genuine issue of material fact regarding appellee's right to control or the actual control of West Belt's activities, or that

---

**2.** An owner or occupier of land and a general contractor in control of the premises have the same duty generally to use reasonable care to make and keep the premises safe for business invitees. *Clayton W. Williams, Jr., Inc. v.*

*Olivo*, 952 S.W.2d 523, 527 (Tex.1997). Thus, cases considering the duties of premises owners and general contractors are used interchangeably. *See Koch Ref. Co. v. Chapa*, 11 S.W.3d 153, 155 (Tex.1999).

appellee owed him a duty, or failed to exercise reasonable care in exercising control over any applicable safety standards. *Hoechst–Celanese Corp. v. Mendez*, 967 S.W.2d 354, 358 (Tex.1998).

Appellant's issue number one is overruled.

Appellant's issue number two complains that the trial court erred in overruling appellant's objections to appellee's summary judgment evidence.

■ Although the trial court made no ruling or finding on appellant's objections to appellee's summary judgment evidence, appellant asserts the trial court implicitly overruled his objections by granting summary judgment to appellee. Tex.R.App. P. 33.1(a)(2)(A); *Blum v. Julian*, 977 S.W.2d 819, 823–24 (Tex.App.-Fort Worth 1998, no pet.). The *Blum* case indicates where the trial court fails to rule on objections to summary judgment evidence, in some instances, a party need no longer get an express ruling on an objection to preserve error if the ruling is *implicit in the court's findings. Id.* (emphasis added). However, for there to be an implicit ruling, there must be something in the summary judgment or the record to indicate the trial court ruled on objections other than the mere granting of the summary judgment. *In re Schiwetz*, 102 S.W.3d 355, 360 (Tex. App.-Corpus Christi 2003, pet. denied) (citing *Jones v. Ray Ins. Agency*, 59 S.W.3d 739, 753 (Tex.App.-Corpus Christi 2001, pet. denied)). In the instant case, the court's findings do not indicate, implicitly or otherwise, that the appellant's objections were ruled on.

Appellant's position assumes the trial court considered and used the evidence subject to its objections. However, it was not necessary for the trial court to use such evidence since appellee's motion was a "no-evidence" motion for summary judgment, and appellant failed to present a scintilla of summary judgment evidence of any duty appellee owed to appellant. Tex.R. Civ. P. 166(a).

■ Further, even assuming the trial court used the evidence, we would overrule appellant's objections.

(1) Appellant states that appellee was not entitled to use certain discovery responses as summary judgment evidence, but fails to make an appropriate statement of the facts and references to the record in order to make a clear and concise argument. Tex. R.App. P. 38.1(f), (h). Such argument would be waived on appeal. *See id.*

(2) Appellant claims the affidavit of Tom Beam failed to affirmatively demonstrate the manner in which he purported to have personal knowledge of West Belt's operations. However, Beam's affidavit demonstrates the basis for his personal knowledge by delineating his position as the vice president of finance and chief financial officer with oversight duties over the implementation of the agreements with various companies. Tex.R. Civ. P. 166(a)(f).

(3) Appellant objected that the affidavits of Sid Truitt and Tom Beam contained conclusions and opinions as to the effect of the agency agreement, joint enterprise, and control between West Belt and appellee. However, if the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. Tex.R. Evid. 701. Testimony in the

form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Tex.R. Evid. 704. Truitt and Beam were presidents of West Belt and appellee, respectively, and their opinions or inferences could rationally be based on their perceptions which would be helpful to a clear understanding of their testimony or the determination of a fact in issue.

(4) Appellant objected that the affidavits of Truitt and Beam were not clear, positive and direct and/or were not readily controvertible. However, appellant does not clearly set out in what respect the affidavits are not clear, positive and direct and does not develop an argument to support his position. Tex.R.App. P. 38.1(f), (h). Further, appellant does not show that the affidavits cannot be effectively countered by opposing evidence but merely concludes they cannot be readily controvertible. *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989) ("could have been readily controverted" does not simply mean that the movant's summary judgment proof could have been easily and conveniently rebutted; rather, it means that testimony at issue is of a nature which can be effectively countered by opposing evidence).

Finally, even if the trial court made an error of law in failing to sustain appellant's objections, in view of our ruling on appellant's issue number one we conclude the error probably did not cause the rendition of an improper judgment, or prevent the appellant from properly presenting the case to the court of appeals. Tex.R.App. P. 44.1(a)(1)(2).

Appellant's second issue is overruled.

Appellant's issue number three argues that the trial court erred in granting summary judgment on theories of recovery not addressed in appellee's pleadings. Contrary to appellant's argument, the theories of vicarious liability and estoppel were addressed in appellee's motion for summary judgment. However, such theories were not proven and were not necessary for the trial court to render summary judgment in favor of appellee. See our disposition of appellant's issue number one.

Appellant's third issue number is overruled.

The judgment of the trial court is affirmed.