NUMBER 13-00-612-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




ALEXANDER BUNKER,                                                      Appellant,

v.

LANDSTAR LIGON, INC.,                                                    Appellee.




On appeal from the 234th District Court
of Harris County, Texas.




O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Amidei



Opinion by Justice Amidei
 
         Alexander Bunker, appellant, appeals from a summary judgment rendered in
favor of Landstar Ligon, Inc., appellee, dismissing his negligence suit for personal injury
damages. Appellant settled with West Belt Trucking, Inc. (West Belt) and Sidney
Truitt (Truitt) and those parties are not included in this appeal.
Background
         Appellant, an employee of West Belt and another young co-worker, were
attempting to move a load of lumber with a forklift at West Belt’s facility in Houston,
Texas, when a rope appellant was holding got caught in the forklift wheel and cut off
the tip of his thumb. Appellee contracted with West Belt to solicit freight and to use
its property as a terminal. Also, West Belt was conducting a pallet recycling project
with money advanced by appellee. Appellee retained a general right to control the
activities on West Belt’s property. Appellant alleged that appellee’s agency
relationship and control over West Belt’s activities made it vicariously liable for West
Belt’s negligence, notwithstanding the contract provision defining West Belt as an
independent contractor. The trial court granted appellee’s no-evidence motion for
summary judgment. We affirm.
Standard of Review
         A no-evidence summary judgment is equivalent to a pretrial directed verdict and,
in reviewing the grant of a no-evidence summary judgment, this court applies the same
legal sufficiency standard as applied in reviewing directed verdicts. Zapata v. The
Children’s Clinic, 997 S.W.2d 745 (Tex. App.–Corpus Christi 1999, pet. denied).
          A contract construction is a matter of law for the trial court. Elliot-Williams
Co., Inc. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999). A court’s primary concern is to
ascertain and give effect to the parties’ intentions as expressed in the instrument. Id.
 
Issues
         Appellant’s issue number one asserts that the trial court erred in granting
summary judgment in favor of appellee. Appellant‘s cause of action is based on the
theory that West Belt was the agent of appellee and was directly and vicariously liable
to him for the negligence of appellant’s co-employee. Appellant claims the agency
was established by an agency agreement; the fact that Mr. Truitt, the president of
West Belt, was appellee’s on-site safety officer and carried business cards identifying
himself as appellee’s agent; and that a large Landstar sign was erected on appellant’s
worksite. Although the “agency contract” provided that West Belt was an independent
contractor, appellant argues Redinger v. Living, Inc., 689 S.W.2d 415 (Tex. 1985),
applies to make appellee liable because of its control over the work conducted on West
Belt’s premises. In Redinger, the facts that Living, Inc., the general contractor,
retained the power to direct the order in which the work was to be done and to forbid
the work being done in a dangerous manner, and exercised this control by coordinating
the work performed by two subcontractors and specifically ordering the activity or
instrumentality, i.e,. the moving of dirt with a tractor with a box blade which crushed
Redinger’s left index finger, were cited by the Supreme Court to support its adoption
and application of the rule enunciated in the Restatement (Second) of Torts:
One who entrusts work to an independent contractor, but who retains
the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise
reasonable care, which is caused by his failure to exercise his control
with reasonable care.

Id. at 418. However, Redinger is distinguishable and not applicable in the instant case
because the appellee, allegedly having control over the work conducted on West Belt’s
premises, did not retain the power to direct the order in which the work was to be
done and to forbid the work being done in a dangerous manner, and did not direct the
activity or instrumentality, i.e., the use of a rope by appellant’s co-worker on a forklift
which cut off the tip of appellant’s thumb. Dictum in Redinger cites Restatement
(Second) Torts § 414 cmt. c (1965), which provides:
The employer must have retained at least some degree of control over
the manner in which the work is done. It is not enough that he has
merely a general right to order the work stopped or resumed, to inspect
its progress or to receive reports, to make suggestions or
recommendations which need not necessarily be followed, or to prescribe
alterations and deviations. Such a general right is usually reserved to
employers, but it does not mean that the contractor is controlled as to his
methods of work, or as to operative detail. There must be such a
retention of a right of supervision that the contractor is not entirely free
to do the work in his own way. 

Id. (Emphasis supplied).

         Recognizing that every premises owner


 must have some latitude to tell its
independent contractors what to do, in general terms, and may do so without
becoming subject to liability, in Koch Refining Co. v Chapa, the supreme court held
that for section 414 cmt. c to apply there must not be a contractually retained
supervisory right that the contractor is “not entirely free to do the work in their own
way,” and the mere presence of the owner’s safety employee with the possibility he
might intervene to prevent the dangerous activity. Koch Refining Co. v. Chapa, 11
S.W.3d 153, 155 (Tex. 1999). 
         In this case, the contract between appellee and West Belt gave appellee a
general right to control the business and the right to require West Belt to conduct its
business in a business-like manner, but did not retain such a right of supervision that
West Belt was not entirely free to do the work in its own way. Even if West Belt’s
president was appellee’s on-site safety officer, there was no proof there were safety
rules as to the use of ropes with forklifts or that appellee actually exercised control
over West Belt’s pallet recycling operation. Appellant does not claim that any company
safety rule or statute regarding forklift operation was violated. There was no proof that
appellee routinely violated or ignored a safety guideline and either failed to cancel the
contract or require corrective action. Id. A premises owner by merely placing a safety
employee on the work site, does not incur a duty to an independent contractor’s
employees to intervene and ensure that they safely perform their work. Id. Neither
West Belt nor appellee were on notice of any safety problem. There was no proof that
appellant or anyone else had used a rope to tie down forklift loads, or that the use of
rope in such manner was something which was ordinary or even necessary, in
operating a forklift used to lift and move heavy, well-balanced loads short distances.
The Texas Supreme Court has never concluded that a general contractor actually
exercised control of a premises where, as here, there was no prior knowledge of a
dangerous condition and no specific approval of any dangerous act. Dow Chemical Co.
v. Bright, 89 S.W.3d 606, 609 (Tex. 2002). Appellee had no prior knowledge of a
dangerous condition and did not specifically approve any dangerous act. Appellee did
not owe appellant any duty, even assuming there was an agency relationship between
West Belt and appellee. There was no proof that the contractual control retained by
appellee related to the condition or activity that caused the injury, that is, the use of
a rope on a forklift. Elliott-Williams Co. v. Diaz, 9 S.W.3d 801, 804 (Tex. 1999). We
conclude that appellant has failed to present summary judgment evidence raising a
genuine issue of material fact regarding appellee’s right to control or the actual control
of West Belt’s activities, or that appellee owed him a duty, or failed to exercise
reasonable care in exercising control over any applicable safety standards. Hoechst-Celanese Corp. v. Mendez, 967 S.W.2d 354, 358 (Tex. 1998).
         Appellant’s issue number one is overruled.
         Appellant’s issue number two complains that the trial court erred in overruling
appellant’s objections to appellee’s summary judgment evidence.
         Although the trial court made no ruling or finding on appellant’s objections to
appellee’s summary judgment evidence, appellant asserts the trial court implicitly
overruled his objections by granting summary judgment to appellee. Tex. R. App. P.
33.1(a)(2)(A); Blum v. Julian, 977 S.W.2d 819, 823-34 (Tex. App.–Fort Worth 1998,
no pet.). The Blum case indicates where the trial court fails to rule on objections to
summary judgment evidence, in some instances, a party need no longer get an express
ruling on an objection to preserve error if the ruling is implicit in the court’s findings. 
Id. (emphasis added). However, for there to be an implicit ruling, there must be
something in the summary judgment or the record to indicate the trial court ruled on
objections other than the mere granting of the summary judgment. In re Schiwetz,
102 S.W.3d 355, 360 (Tex. App.–Corpus Christi 2003, pet. denied) (citing Jones v.
Ray Ins. Agency, 59 S.W.3d 739, 753 (Tex. App.–Corpus Christi 2001, pet. denied)). 
In the instant case, the court’s findings do not indicate, implicitly or otherwise, that
the appellant’s objections were ruled on. 
         Appellant’s position assumes the trial court considered and used the evidence
subject to its objections. However, it was not necessary for the trial court to use such
evidence since appellee’s motion was a “no-evidence” motion for summary judgment,
and appellant failed to present a scintilla of summary judgment evidence of any duty
appellee owed to appellant. Tex. R. Civ. P. 166(a).
         Further, even assuming the trial court used the evidence, we would overrule
appellant’s objections. 
(1)Appellant states that appellee was not entitled to use certain
discovery responses as summary judgment evidence, but fails to
make an appropriate statement of the facts and references to the
record in order to make a clear and concise argument. Tex. R.
App. P. 38.1(f),(h). Such argument would be waived on appeal. 
See id.
 
(2)Appellant claims the affidavit of Tom Beam failed to affirmatively
demonstrate the manner in which he purported to have personal
knowledge of West Belt’s operations. However, Beam’s affidavit
demonstrates the basis for his personal knowledge by delineating
his position as the vice president of finance and chief financial
officer with oversight duties over the implementation of the
agreements with various companies. Tex. R. Civ. P. 166(a)(f).
 
(3)Appellant objected that the affidavits of Sid Truitt and Tom Beam
contained conclusions and opinions as to the effect of the agency
agreement, joint enterprise, and control between West Belt and
appellee. However, if the witness is not testifying as an expert,
the witness’s testimony in the form of opinions or inferences is
limited to those opinions or inferences which are (a) rationally
based on the perception of the witness, and (b) helpful to a clear
understanding of the witness’s testimony or the determination of
a fact in issue. Tex. R. Evid. 701. Testimony in the form of an
opinion or inference otherwise admissible is not objectionable
because it embraces an ultimate issue to be decided by the trier of
fact. Tex. R. Evid. 704. Truitt and Beam were presidents of West
Belt and appellee, respectively, and their opinions or inferences
could rationally be based on their perceptions which would be
helpful to a clear understanding of their testimony or the
determination of a fact in issue.
 
(4)Appellant objected that the affidavits of Truitt and Beam were not
clear, positive and direct and/or were not readily controvertible.
However, appellant does not clearly set out in what respect the
affidavits are not clear, positive and direct and does not develop
an argument to support his position. Tex. R. App. P. 38.1(f),(h). 
Further, appellant does not show that the affidavits cannot be
effectively countered by opposing evidence but merely concludes
they cannot be readily controvertible. Casso v. Brand, 776
S.W.2d 551, 558 (Tex. 1989) (“could have been readily
controverted” does not simply mean that the movant’s summary
judgment proof could have been easily and conveniently rebutted;
rather, it means that testimony at issue is of a nature which can
be effectively countered by opposing evidence).

Finally, even if the trial court made an error of law in failing to sustain appellant’s
objections, in view of our ruling on appellant’s issue number one we conclude the error
probably did not cause the rendition of an improper judgment, or prevent the appellant
from properly presenting the case to the court of appeals. Tex. R. App. P. 44.1(a)(1)(2).
         Appellant’s second issue is overruled.
         Appellant’s issue number three argues that the trial court erred in granting
summary judgment on theories of recovery not addressed in appellee’s pleadings.
Contrary to appellant’s argument, the theories of vicarious liability and estoppel were
addressed in appellee’s motion for summary judgment. However, such theories were
not proven and were not necessary for the trial court to render summary judgment in
favor of appellee. See our disposition of appellant’s issue number one.
         Appellant’s third issue number is overruled.
         The judgment of the trial court is affirmed. 
                                                                                                 


                                                                        ____________________________                                                                        MAURICE AMIDEI
                                                                        Justice

Opinion delivered and filed
this 13th day of May, 2004.