Opinion issued July 20, 2006
 














In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00965-CV




THOMAS AND KAREN DELFINO, Appellant

V.

PERRY HOMES, A JOINT VENTURE, Appellee




On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2003-45158




O P I N I O NAppellants, Thomas and Karen Delfino (“the Delfinos”) appeal from the trial
court’s order granting appellee’s, Perry Homes, A Joint Venture (“Perry Homes”),
motion for summary judgment. On appeal, the Delfinos contend that the trial court
erred in granting Perry Homes’s motion for summary judgment because there was a
genuine issue of material fact, thereby precluding judgment as a matter of law. We
affirm.
BACKGROUND
          Perry Homes constructs and sells residential property across the State of Texas. 
One of the houses they built was purchased by the Delfinos. During the course of the
construction of this house, Suncoast Post-Tension, L.P. (“Suncoast”), the foundation
sub-contractor, notified Perry Homes that they were “unable to complete the stressing
operation due to a blowout.” It appears from the record that Perry Homes authorized
a work order so that Suncoast could fix the problems. A couple who initially had
planned to buy the house decided not to purchase it and backed out of their earnest-money contract with Perry Homes. This was due in large part to their independent
inspector’s report noting that he observed that “exposed grade beam surface revealed
what appeared to be small circular patches.” It is not clear from the record, but
apparently some work was done by Suncoast to alleviate the issue in the inspector’s
report. A Suncoast engineer, in a letter to Perry Homes entitled “Certification,” stated 
“the stressing tails were cut and the stressing pockets grouted.” 
          The Delfinos purchased the house a few months later. Thomas Delfino
testified in an affidavit that Perry Homes never mentioned any previous problems
with the foundation in response to his questions about it. He also testified that he
learned of the house’s foundation problems from his next-door neighbor. At the
Delfino’s request, Perry Homes and Suncoast came out to test the tendons in the
foundation. Problems with some of the tendons were discovered, which Suncoast
blamed on “the poor quality workmanship of the concrete finisher,” and repaired. 
After the work was finished, Suncoast told Perry Homes that “it is our opinion that
the foundation will perform as designed provided proper drainage and moisture
maintenance practices are followed.”
          The Delfinos, unsatisfied, filed suit, alleging in their original petition civil
conspiracy, fraud and constructive fraud, statutory fraud in a real estate transaction,
fraudulent inducement to contract, negligent misrepresentation, and violations of the
Texas Deceptive Trade Practices Act (DTPA). Perry Homes then filed a Rule 166a(i)
motion for summary judgment entitled “Motion for Summary Judgment.” Perry
Homes also filed a 166a(c) motion for summary judgment entitled “Defendant Perry
Homes, A Joint Venture’s Motion for Summary Judgment,” contending that the
Delfinos (1) could not prove any damages and (2) that there was no duty of disclosure
on its part. The Delfinos filed a second amended petition, this time alleging fraud,
constructive fraud, statutory fraud in a real estate transaction, fraudulent inducement
to contract, and violations of the DTPA. The trial court granted the “Defendant Perry
Homes, A Joint Venture’s” motion (the Rule 166a(c) motion) for summary judgment
and rendered final judgment.
Standard of Review
          Summary judgment under rule 166a(c) is proper only when the movant
establishes that there is no genuine issue of material fact and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food
Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Lawson v. B Four Corp.,
888 S.W.2d 31, 34 (Tex. App.—Houston [1st Dist.] 1994, writ denied). In reviewing
a summary judgment, we must indulge every reasonable inference in favor of the
nonmovant and resolve any doubts in its favor. Johnson, 891 S.W.2d at 644; Lawson,
888 S.W.2d at 33. We will take all evidence favorable to the nonmovant as true. Id. 
As movant, the defendant is entitled to summary judgment if the evidence disproves
as a matter of law at least one essential element of each of the plaintiff’s causes of
action. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Marchal v.
Webb, 859 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied).
Once a movant has established a right to summary judgment, the burden shifts to the
nonmovant to present the trial court with evidence of any issues that would preclude
summary judgment. Muckleroy v. Richardson Indep. Sch. Dist., 884 S.W.2d 825, 828
(Tex. App.—Dallas 1994, writ denied).
Summary Judgment Evidence
          The Delfinos argue, in their first point of error, that there are genuine issues of
material fact as to whether Perry Homes had a duty to disclose the foundation issues
and whether they suffered damages, thereby precluding summary judgment. They
contend that they raised damage issues by presenting evidence of future costs
necessary to test and repair the foundation, diminution of fair market value of the
property, and mental anguish.
          Perry Homes first responds, relying on Blum v. Julian, 977 S.W.2d 819, 823
(Tex. App.—Fort Worth, 1998, no pet.), that the trial court impliedly sustained Perry
Homes’s objections to the Delfinos’ summary judgment evidence when the court
granted Perry Homes’s motion for summary judgment.     Blum does not stand for this
particular proposition; it stands for the proposition that, when a trial court grants a
motion for summary judgment, this creates an inference that the trial court implicitly
reviewed and overruled the non-movant’s objections to the movant’s summary
judgment proof. Id. Frazier v. Yu, an extension of Blum, stands for the proposition
Perry Homes asserts. 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1998, pet.
denied).
          In any event, the Fort Worth Court of Appeals’ approach in these cases has
been widely criticized. See, e.g., Palacio v. AON Props., Inc., 110 S.W.3d 493, 496
(Tex. App.—Waco 2003, no pet.); Mitchell v. Baylor Univ. Med. Ctr., 109 S.W.3d
838, 842–43 (Tex. App.—Dallas 2003, no pet.); Chapman Children’s Tr. v. Porter
& Hedges, L.L.P, 32 S.W.3d 429, 436 n.4 (Tex. App.—Houston [14th Dist.] 2000,
pet. denied); Well Solutions, Inc. v. Stafford, 32 S.W.3d 313 (Tex. App.—San
Antonio 2000, no pet.). We join in that disagreement and adopt the San Antonio
Court of Appeals’ rationale: 
 Granting a motion to disregard certain jury findings necessarily implies
the denial of a motion for judgment on those findings. The two motions
are alternatives and thus present an either-or situation. If the trial court
grants the former, it must deny the latter. But rulings on a motion for
summary judgment and objections to summary judgment evidence are
not alternatives; nor are they concomitants. Neither implies a ruling—or
any particular ruling—on the other. In short, a trial court’s ruling on an
objection to summary judgment evidence is not implicit in its ruling on
the motion for summary judgment; a ruling on the objection is simply
not ‘capable of being understood’ from the ruling on the motion for
summary judgment. We therefore reject the reasoning in Blum and
Frazier. 

Stafford, 32 S.W.3d at 317. Given this conclusion, we hold that the trial court did not
impliedly sustain Perry Homes’ objections to the Delfinos’ summary judgment
evidence.
          Perry Homes also contends that the summary judgment evidence from the
Delfinos’ experts’ testimony is not enough to create a material fact issue. David
Knight, the Delfinos’ engineering expert, testified in his affidavit that “the integrity
of the tendon system of the foundation” of the Delfino’s home “is poor or
questionable,” and because of this he recommended retesting of “all tendons in the
foundation.” Any tendons not in working order would have to be replaced. Knight
stated that he did not think the cost of this work—if some or all of the tendons needed
to be replaced—would exceed $50,000. In his deposition testimony, Knight gave a
different opinion of the “integrity of the tendon system,” calling it “just
questionable.” He also testified regarding his estimate of how much it might cost to
repair the foundation, if any problems were found, stating that $50,000 estimate
“would be a worst-case scenario if everything were wrong” and testified that “it could
easily be that there’s nothing wrong.” (Emphasis added.) 
          The Delfinos’ argument that Knight’s affidavit and testimony created a material
fact issue runs counter to the well-settled principle that there is “a distinction between
uncertainty as to the fact of damages and uncertainty merely as to the amount of
damages. Uncertainty as to the fact of legal damages is fatal to recovery, but
uncertainty as to the amount will not defeat recovery.” McKnight v. Hill & Hill
Exterminators, Inc., 689 S.W.2d 206, 207 (Tex. 1985) (citing Southwest Battery
Corp. v. Owen, 115 S.W.2d 1097, 1099 (Tex. 1938)). Knight testified that there may
be nothing wrong with the foundation—this is enough to preclude creation of a
material fact issue because that statement belies any certainty as to whether damages
exist at all.
          Accordingly, we overrule the Delfinos’ first point of error.
                                                     CONCLUSION
          Because the Delfinos have failed to show that there is any fact issue as to
damages, we conclude that the trial court did not err in granting Perry Homes’s rule
166a(c) motion for summary judgment. Accordingly, we affirm the judgment.

 

                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Taft and Nuchia.