**Thomas and Karen DELFINO, Appellant,**

v.

**Perry HOMES, A Joint Venture, Appellee.**

No. 01–05–00965–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 20, 2006.

Rehearing Overruled May 18, 2007.

Matthew B. Probus, Wauson & Associates, Sugar Land, TX, for Appellant.

Juliann H. Panagos, McGlinchey Stafford, PLLC, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices TAFT and NUCHIA.

## OPINION

SAM NUCHIA, Justice.

Appellants, Thomas and Karen Delfino ("the Delfinos") appeal from the trial court's order granting appellee's, Perry Homes, A Joint Venture ("Perry Homes"), motion for summary judgment. On appeal, the Delfinos contend that the trial court erred in granting Perry Homes's motion for summary judgment because there was a genuine issue of material fact, thereby precluding judgment as a matter of law. We affirm.

## BACKGROUND

Perry Homes constructs and sells residential property across the State of Texas. One of the houses they built was purchased by the Delfinos. During the course of the construction of this house, Suncoast Post–Tension, L.P. ("Suncoast"), the foundation sub-contractor, notified Perry Homes that they were "unable to complete the stressing operation due to a blowout." It appears from the record that Perry Homes authorized a work order so that Suncoast could fix the problems. A couple who initially had planned to buy the house decided not to purchase it and backed out of their earnest-money contract with Perry Homes. This was due in large part to their independent inspector's report noting that he observed that "exposed grade beam surface revealed what appeared to be small circular patches." It is not clear from the record, but apparently some work was done by Suncoast to alleviate the issue in the inspector's report. A Suncoast engineer, in a letter to Perry Homes entitled "Certification," stated "the stressing tails were cut and the stressing pockets grouted."

The Delfinos purchased the house a few months later. Thomas Delfino testified in an affidavit that Perry Homes never mentioned any previous problems with the foundation in response to his questions about it. He also testified that he learned of the house's foundation problems from his next-door neighbor. At the Delfino's request, Perry Homes and Suncoast came out to test the tendons in the foundation. Problems with some of the tendons were discovered, which Suncoast blamed on "the poor quality workmanship of the concrete finisher," and repaired. After the work was finished, Suncoast told Perry Homes that "it is our opinion that the foundation will perform as designed provided proper drainage and moisture maintenance practices are followed."

The Delfinos, unsatisfied, filed suit, alleging in their original petition civil conspiracy, fraud and constructive fraud, statutory fraud in a real estate transaction, fraudulent inducement to contract, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act (DTPA). Perry Homes then filed a Rule 166a(i) motion for summary judgment entitled "Motion for Summary Judgment." Perry Homes also filed a 166a(c) motion for summary judgment entitled "Defendant Perry Homes, A Joint Venture's Mo-

tion for Summary Judgment," contending that the Delfinos (1) could not prove any damages and (2) that there was no duty of disclosure on its part. The Delfinos filed a second amended petition, this time alleging fraud, constructive fraud, statutory fraud in a real estate transaction, fraudulent inducement to contract, and violations of the DTPA. The trial court granted the "Defendant Perry Homes, A Joint Venture's" motion (the Rule 166a(c) motion) for summary judgment and rendered final judgment.

### Standard of Review

Summary judgment under rule 166a(c) is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Lawson v. B Four Corp.*, 888 S.W.2d 31, 34 (Tex.App.-Houston [1st Dist.] 1994, writ denied). In reviewing a summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Johnson*, 891 S.W.2d at 644; *Lawson*, 888 S.W.2d at 33. We will take all evidence favorable to the nonmovant as true. *Id.* As movant, the defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one essential element of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Marchal v. Webb*, 859 S.W.2d 408, 412 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Once a movant has established a right to summary judgment, the burden shifts to the nonmovant to present the trial court with evidence of any issues that would preclude summary judgment. *Muckelroy v. Richardson Indep. Sch. Dist.*, 884 S.W.2d 825, 828 (Tex.App.-Dallas 1994, writ denied).

### Summary Judgment Evidence

The Delfinos argue, in their first point of error, that there are genuine issues of material fact as to whether Perry Homes had a duty to disclose the foundation issues and whether they suffered damages, thereby precluding summary judgment. They contend that they raised damage issues by presenting evidence of future costs necessary to test and repair the foundation, diminution of fair market value of the property, and mental anguish.

■ Perry Homes first responds, relying on *Blum v. Julian*, 977 S.W.2d 819, 823 (Tex.App.-Fort Worth, 1998, no pet.), that the trial court impliedly sustained Perry Homes's objections to the Delfinos' summary judgment evidence when the court granted Perry Homes's motion for summary judgment. *Blum* does not stand for this particular proposition; it stands for the proposition that, when a trial court grants a motion for summary judgment, this creates an inference that the trial court implicitly reviewed and overruled the non-movant's objections to the movant's summary judgment proof. *Id. Frazier v. Yu*, an extension of *Blum*, stands for the proposition Perry Homes asserts. 987 S.W.2d 607, 610 (Tex.App.-Fort Worth 1998, pet. denied).

In any event, the Fort Worth Court of Appeals' approach in these cases has been widely criticized. *See, e.g., Palacio v. AON Props., Inc.*, 110 S.W.3d 493, 496 (Tex.App.-Waco 2003, no pet.); *Mitchell v. Baylor Univ. Med. Ctr.*, 109 S.W.3d 838, 842–43 (Tex.App.-Dallas 2003, no pet.); *Chapman Children's Tr. v. Porter & Hedges, L.L.P*, 32 S.W.3d 429, 436 n. 4 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313 (Tex.App.-San Antonio 2000, no pet.). We join in that disagreement

and adopt the San Antonio Court of Appeals' rationale:

> Granting a motion to disregard certain jury findings necessarily implies the denial of a motion for judgment on those findings. The two motions are alternatives and thus present an either-or situation. If the trial court grants the former, it must deny the latter. But rulings on a motion for summary judgment and objections to summary judgment evidence are not alternatives; nor are they concomitants. Neither implies a ruling—or any particular ruling—on the other. In short, a trial court's ruling on an objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment; a ruling on the objection is simply not 'capable of being understood' from the ruling on the motion for summary judgment. We therefore reject the reasoning in *Blum* and *Frazier.*

*Stafford,* 32 S.W.3d at 317. Given this conclusion, we hold that the trial court did not impliedly sustain Perry Homes' objections to the Delfinos' summary judgment evidence.

■ Perry Homes also contends that the summary judgment evidence from the Delfinos' experts' testimony is not enough to create a material fact issue. David Knight, the Delfinos' engineering expert, testified in his affidavit that "the integrity of the tendon system of the foundation" of the Delfino's home "is poor or questionable," and because of this he recommended retesting of "all tendons in the foundation." Any tendons not in working order would have to be replaced. Knight stated that he did not think the cost of this work—if some or all of the tendons needed to be replaced—would exceed $50,000. In his deposition testimony, Knight gave a different opinion of the "integrity of the tendon system," calling it "just questiona-

ble." He also testified regarding his estimate of how much it might cost to repair the foundation, *if* any problems were found, stating that $50,000 estimate "would be a worst-case scenario *if* everything were wrong" and testified that *"it could easily be that there's nothing wrong."* (Emphasis added.)

■ The Delfinos' argument that Knight's affidavit and testimony created a material fact issue runs counter to the well-settled principle that there is "a distinction between uncertainty as to the fact of damages and uncertainty merely as to the amount of damages. Uncertainty as to the fact of legal damages is fatal to recovery, but uncertainty as to the amount will not defeat recovery." *McKnight v. Hill & Hill Exterminators, Inc.,* 689 S.W.2d 206, 207 (Tex.1985) (citing *Southwest Battery Corp. v. Owen,* 131 Tex. 423, 115 S.W.2d 1097, 1099 (1938)). Knight testified that there may be nothing wrong with the foundation—this is enough to preclude creation of a material fact issue because that statement belies any certainty as to whether damages exist at all.

Accordingly, we overrule the Delfinos' first point of error.

### CONCLUSION

Because the Delfinos have failed to show that there is *any* fact issue as to damages, we conclude that the trial court did not err in granting Perry Homes's rule 166a(c) motion for summary judgment. Accordingly, we affirm the judgment.