NUMBER 13-07-00522-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


FLORENCIO SAUCEDA AND

MARGARET SAUCEDA, Appellants,


v.


GMAC MORTGAGE CORPORATION AND

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellees.

 


On appeal from the 148th District Court

of Nueces County, Texas.

 


O P I N I O N


Before Chief Justice Valdez and Justices Garza and Benavides


Opinion by Chief Justice Valdez
 

 

 Appellants, Florencio and Margaret Sauceda ("the Saucedas"), appeal the summary
judgment rendered against them and in favor of GMAC Mortgage Corporation and Federal
National Mortgage Association (collectively "GMAC"). In two issues, the Saucedas contend
that GMAC waived its objections to their affidavits and that the trial court erred in granting
summary judgment on their wrongful foreclosure and breach of contract claims. We
reverse and remand.

I. Background

 On August 8, 1995, the Saucedas purchased a home in Robstown, Texas that was
secured by a $124,000 note. The Saucedas fell behind on their mortgage payments, and
in 2005, GMAC instituted foreclosure proceedings. GMAC purchased the home for
$88,819.03 at a foreclosure sale on August 2, 2005.

 On January 23, 2006, the Saucedas sued GMAC for wrongful foreclosure and
breach of contract. The Saucedas alleged that GMAC sent conflicting collection letters;
did not properly notify them of the foreclosure; improperly appointed multiple trustees
under the deed of trust; and could not lawfully foreclose because they were enrolled in a
"Home Retention Program." They alleged that the aforementioned actions were deviations
from Texas law and the note. According to the Saucedas, these deviations created an
irregularity at the foreclosure sale, evidenced by a sale price that was only eighty percent
of the market value of their home. The Saucedas prayed that the foreclosure be set aside,
the title be quieted, the purchase money note and deed of trust be reinstated, and they be
awarded attorney's fees and court costs.

 Attached to the Saucedas' original petition are, among other things, two collection
letters. The first letter, dated May 27, 2005, claimed that the Saucedas owed $55,795.14. 
The second letter, dated June 2, 2005, contained the caption, "THIS LETTER IS SENT IN
CORRECTION OF THE PREVIOUS LETTER SENT ON MAY 27, 2005," and it claimed
that the Saucedas owed $111,911.33. Florencio alleged that he spoke with a GMAC
attorney after receiving the two letters and disputed the amount owed. According to the
Saucedas, GMAC could not foreclose until the amount of the deficiency was clarified, but
GMAC foreclosed without any clarification. 

 GMAC answered with a general denial and asserted the affirmative defenses of
prior material breach, waiver, and estoppel. GMAC also counterclaimed for possession
of the property. On May 7, 2007, GMAC moved for summary judgment on no-evidence
and traditional grounds. GMAC argued that the Saucedas had no evidence that there were
irregularities in the foreclosure sale. It also argued that the debt dispute was resolved prior
to foreclosure; multiple trustee appointments were permitted; the foreclosure purchase
price was adequate; the Saucedas had ample notice; the Saucedas were not enrolled in
a "Home Retention Program;" and there was no basis for a breach of contract claim.

 The Saucedas responded to GMAC's summary judgment motions on May 22, 2007. 
As evidence, the Saucedas attached affidavits executed by Florencio and Margaret. 
Florencio's affidavit states, in relevant part:

I never received a notice of default, demand for payment or notice of intent
to accelerate that gave me a twenty or thirty day opportunity to cure the
default by paying the back payments.


I did receive a letters [sic] from Codilis & Stawiarski demanding $55,795.14
dated May 27, 2005 and a letter dated June 2, 2005 demanding $111,
911.33. These letter [sic] did not give me an opportunity to cure the default
by paying the back payments.


I personally went to Houston and met with Kevin Jones of Codilis &
Stawiarski on June 13, 2005 to contest the default and the amount owing. 
I also gave a written letter disputing the debt to Codilis & Stawiarski.


I was working with GMAC in what I believed was [its] Home Retention
Program. The representatives of GMAC led me to believe that I could work
with the program and avoid foreclosure. I sent the information they
requested by fax.


It is my opinion that my property that was allegedly foreclosed has a fair
market value at the time of the foreclosure of $250,000. If I lose my home,
I will suffer great economic and personal loss.


 . . . . 


I never received the certified letters advising [me] of the foreclosure sale. I
never received any postal slips indicating that I had certified letters waiting
to be picked up, other than the two letters mentioned above that I
acknowledge receiving.


The affidavit was "SUBSCRIBED AND SWORN TO." Margaret's affidavit recites
substantially similar allegations. On June 1, 2007, GMAC filed written objections to
Florencio's and Margaret's affidavits and argued that the affidavits were not based on
personal knowledge and lacked the necessary factual specificity required by the Texas
Rules of Civil Procedure. See Tex. R. Civ. P. 166a. The record does not contain an
explicit ruling on GMAC's objections.

 On June 5, 2007, GMAC nonsuited its counterclaims against the Saucedas. On
June 8, 2007, the trial court granted GMAC summary judgment without providing a
rationale. This appeal ensued.

II. Affidavit Testiomony

 By their first issue, the Saucedas contend that their affidavits are part of the
summary judgment record because GMAC's objections were not ruled on by the trial court,
and therefore, its objections were waived. GMAC responds by arguing that its objections
went to the substance of the Saucedas affidavits and that it did not need to obtain a ruling
from the trial court to preserve its complaint. 

 Regardless of whether GMAC's objections were to form or substance, it is clear
from the context of the affidavit that Florencio and Margaret gave affidavit testimony as to
their personal knowledge and represented what they believed to be the true and correct
facts. See Bunker v. Landstar Ligon, Inc., 136 S.W.3d 372, 376 (Tex. App.-Corpus Christi
2004, no pet.) (providing that an affidavit demonstrated the basis of the affiant's personal
knowledge based upon the affiant's position). The Saucedas' first issue is sustained.

III. Summary Judgment

 By their second issue, the Saucedas contend that the trial court erred in granting
summary judgment because their affidavit testimony established a fact issue regarding
whether they were properly served with the notice of debt acceleration. They further
contend that the lack of proper service created an irregularity in the foreclosure sale, which
is an element in a wrongful foreclosure action. GMAC responds by arguing that the
Saucedas had ample notice of foreclosure and that there were no other irregularities in the
foreclosure sale.

A. Standards of Review 

 Under a traditional motion for summary judgment, the movant must establish that
no material fact issue exists and that it is entitled to judgment as a matter of law. Tex. R.
Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); Alaniz v.
Hoyt, 105 S.W.3d 330, 345 (Tex. App.-Corpus Christi 2003, no pet.); Mowbray v. Avery,
76 S.W.3d 663, 690 (Tex. App.-Corpus Christi 2002, pet. denied). After the movant
produces evidence sufficient to show it is entitled to summary judgment, the non-movant
must then present evidence raising a fact issue. See Walker v. Harris, 924 S.W.2d 375,
377 (Tex. 1996).

 Texas Rule of Civil Procedure 166a(i) provides that "a party without presenting
summary judgment evidence may move for summary judgment on the ground that there
is no evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof." Tex. R. Civ. P. 166a(i). The trial court
must grant the motion if the non-movant does not produce summary judgment evidence
raising a genuine issue of material fact on each element challenged. Id.; Mack Trucks v.
Tamez, 206 S.W.3d 572, 582 (Tex. 2006). The non-movant must produce more than a
scintilla of probative evidence to raise an issue of material fact. Oasis Oil Corp. v. Koch
Ref. Co., 60 S.W.3d 248, 252 (Tex. App.-Corpus Christi 2001, pet. denied). More than
a scintilla of evidence exists when the evidence "rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions." Merrell Dow Pharms.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).

 We "must examine the entire record in the light most favorable to the non-movant,
indulging every reasonable inference and resolving any doubts against the motion." Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); see City of Keller v. Wilson, 168
S.W.3d 802, 824 (Tex. 2005). Moreover, "when a trial court's order granting summary
judgment does not specify the ground or grounds relied on for its ruling, summary judgment
will be affirmed on appeal if any of the theories advanced are meritorious." Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001) (quoting Carr v. Brasher, 776 S.W.2d 567,
569 (Tex. 1989)).

B. Wrongful Foreclosure

 The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure
sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection
between the defect and the grossly inadequate selling price. Charter Nat'l Bank-Houston
v. Stevens, 781 S.W.2d 368, 371 (Tex. App.-Houston [14th Dist.] 1989, writ denied). The
property code provides:

(b) Except as provided by Subsection (b-1), notice of the sale, which must
include a statement of the earliest time at which the sale will begin, must be
given at least 21 days before the date of the sale by:


 (1) posting at the courthouse door of each county in which the
property is located a written notice designating the county in which the
property will be sold;


 (2) filing in the office of the county clerk of each county in which the
property is located a copy of the notice posted under Subdivision (1); and


 (3) serving written notice of the sale by certified mail on each debtor
who, according to the records of the mortgage servicer of the debt, is
obligated to pay the debt.


 . . . . 


(e) Service of a notice under this section by certified mail is complete when
the notice is deposited in the United States mail, postage prepaid and
addressed to the debtor at the debtor's last known address. The affidavit of
a person knowledgeable of the facts to the effect that service was completed
is prima facie evidence of service.


Tex. Prop. Code Ann. § 51.002 (Vernon Supp. 2007). The Saucedas argue that their
testimony regarding lack of service constitutes some evidence of a defect in the foreclosure
sale proceedings. We agree.

 As summary judgment evidence, GMAC furnished the trial court with an affidavit by
Mary Speidel, GMAC's attorney, in which she avers that "[t]he holder of the referenced
debt caused the Notice of Trustee's Sale and Notice of Acceleration and Posting to be
mailed by Certified Mail, Return Receipt Requested to all obligors according to the records
of the holder, at least twenty-one (21) days preceding the date of sale." This affidavit
constitutes prima facie evidence under section 51.002(e) of the property code. See id. §
51.002(e). Florencio, however, presented controverting testimony that he never received
the certified letters advising him of the foreclosure sale. 

 Thus, a fact issue remained as to whether the Saucedas were served with the notice
that section 51.002(b)(3) of the property code required. See id. § 51.002(b)(3); but see
Adebo v. Litton Loan Servicing, L.P., No. 01-07-708-CV, 2008 Tex. App. LEXIS 3935, at
*11 (Tex. App.-Houston [1st Dist.] May 29, 2008, no pet.) (holding that the dispositive
inquiry under section 51.002(e) of the property code is not receipt of notice, but, rather,
service of notice). The trial court, therefore, erred in granting summary judgment against
the Saucedas on their claim for wrongful foreclosure. 

C. Breach of Contract

 The elements of a breach of contract action are: (1) the existence of a valid
contract; (2) performance or tendered performance by the plaintiff; (3) breach by the
defendant; and (4) damages sustained by the plaintiff as a result of the breach. Southwell
v. Univ. of Incarnate Word, 974 S.W.2d 351, 354-55 (Tex. App.-San Antonio 1998, pet.
denied). The Saucedas contend that GMAC failed to provide notices as required by the
deed of trust. (1) The deed of trust provides:

Acceleration; Remedies. Lender shall give notice to Borrower prior to
acceleration following Borrower's breach of any covenant or agreement in
this Security Instrument . . . . The notice shall specify: (a) the default; (b) the
action required to cure the default; (c) a date, not less than 30 days from the
date notice is given to Borrower[,] by which the default on or before the date
specified in the notice will result in acceleration of the sums secured by this
Security Instrument and sale of the Property. . . .


(emphasis added). GMAC contends that there is no evidence that it breached the
aforementioned notice provisions. We disagree.

 As summary judgment evidence, GMAC provided two default letters, one dated May
27, 2005, and another dated June 2, 2005. Both letters are substantially similar, and
neither letter contains "a date, not less than 30 days from the date notice is given to
Borrower[,] by which the default on or before the date specified in the notice will result in
acceleration of the sums secured by this Security Instrument and sale of the Property." 
Thus, GMAC's own evidence constitutes some evidence that it did not perform the notice
obligations that it promised in the deed of trust. The Saucedas' second issue is sustained.

IV. Conclusion

 The judgment of the trial court is reversed and the case is remanded for further
proceedings consistent with this opinion.

 ________________________ ROGELIO VALDEZ

 Chief Justice 


Opinion delivered and filed

this the 26th day of August, 2008. 

 


1. The Saucedas also argue that the conflicting demand letters, enrollment in a "Home Retention
Program," and appointment of multiple trustees constitutes some evidence of their claims, but they do not
specify which claims. Even if this evidence related to the breach of contract claim, the arguments are
advanced without citations to relevant authority and, therefore, they are inadequately briefed. Tex. R. App. P.
38.1(h).