Opinion issued August 29, 2013



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00562-CV

_____

**PIUS OKAFOR, JOHN OKAFOR, JENNY OGADI, NELSON ILODIGWE, SYLVESTER ARUBALEZE, AND ANAMBRA STATE COMMUNITY IN HOUSTON, Appellants**

**V.**

**ANAMBRA STATE COMMUNITY, HOUSTON, Appellee**

---

**On Appeal from the 295th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-76740**

---

## MEMORANDUM OPINION

This appeal arises from a dispute over control of assets belonging to an association of Nigerian expatriates. Particularly at issue is the right to $9,150

transferred from one bank account to another in the midst of a leadership crisis, which led to the creation of separate entities which both laid claim to the funds. The trial court resolved this dispute by ruling on cross-motions for summary judgment. However, because the prevailing faction failed to establish its right to summary judgment by conclusively proving all of the elements of any of its claims as a matter of law, we reverse the judgment and remand for further proceedings.

**Background**

The parties in this case correspond to two groups that dispute the control of a Houston-based organization of expatriates from the Nigerian state of Anambra. The mission of the organization was to organize relief efforts and medical missions to Anambra. "Anambra State Community, Houston," or "ANASCO Houston," was originally registered as an unincorporated business in 1999. At an ANASCO Houston meeting held September 24, 2010, the group's treasurer, Jenny Ogadi, stated that the association's account held $9,529.98 in funds. The minutes of that meeting also noted that the group's president, Christian Ulasi, was concerned about "antagonism being displayed by the board chair Mr. Arubaleze."

Indeed, Arubaleze and others were so dissatisfied with Ulasi's performance as president that they moved to reorganize the group and effectively depose Ulasi. Arubaleze filed to incorporate two entities with names similar to that of ANASCO Houston. On October 2 and 5, the Secretary of the State of Texas issued

2

certificates of filing for two nonprofit corporations. The first entity was named "Anambra State Citizens of Houston, Inc." The second was named "Anambra State Community in Houston Inc." and, according to the certificate, this entity had been formerly called "Anambra State Community-ANASCO-Houston, Inc." According to Arubaleze, members of the ANASCO Houston board had directed him, as board chairman, to file the incorporation documents because Ulasi had failed to do so.

Several days after Arubaleze registered the new nonprofit corporations, John Okafor presided over a meeting where "members of ANASCO" voted "to dissolve the executive." Ulasi was not present at the meeting. Three days later, Arubaleze directed ANASCO Houston treasurer Ogadi to withdraw $9,150 from an account held in the name of "Anambra State Citizens of Houston, Inc." with a check payable to Bank of America. The check identified the address of the account holder as 11246 South Post Oak Road, Suite 108, which was the same address identified on the original 1999 business registration of "Anambra State Community, Houston."

According to Ulasi, the check was drawn on ANASCO Houston's account without authorization. Specifically, Ulasi alleged that Ogadi had colluded with "some unhappy members" and improperly took the funds from ANASCO Houston. In an affidavit, Arubaleze acknowledged that Ogadi had withdrawn the funds, but

he contended that the withdrawal was properly authorized. He also stated that Ogadi had acted to move the money from "an unknown account, where the former president, Christian Ulasi[,] was using the funds for his personal spending, to the proper account."

Shortly after these events, Vincent Nweke, a member of ANASCO Houston and a close associate of Ulasi, filed an application to incorporate "Anambra State Citizens of Houston, Inc." The Secretary of State rejected the application because the name was already taken, presumably by Arubaleze when he registered "Anambra State Citizens of Houston" earlier in October. However, Nweke was successful in registering "Anambra State Community, Houston" as an assumed business name in Harris County. This was the same name as had been registered in Harris County in 1999.

Lawsuits soon followed. The Arubaleze group,[1] using the name "Anambra State Community in Houston," sued Ulasi in the 80th Judicial District Court of Harris County, alleging fraud and breach of fiduciary duty. Afterward the Ulasi group, using the "Anambra State Community, Houston" name, filed a separate

---

[1]  Due to the confusing similarities of the various organization names at issue, for convenience this opinion refers to the original ANASCO Houston entity, its president Christian Ulasi, and his faction as the "Ulasi group." We refer to ANASCO Houston board chair Sylvester Arubaleze, his faction, and their entities as the "Arubaleze group."

lawsuit against the Arubaleze group for fraud in the 295th District Court of Harris County, and it is from this second lawsuit that the present appeal arises.

The Ulasi group alleged that Ogadi had fraudulently withdrawn "almost $10,000" of its funds. The Ulasi group also sought a temporary restraining order to stop the Arubaleze group from using the ANASCO name generally and to stop them from coming to ANASCO Houston meetings. In their answer, the Arubaleze group alleged that the Ulasi group had misappropriated the ANASCO name. The Arubaleze group added a counterclaim for misappropriation of name or likeness, seeking damages in the form of attorney's fees. They pointed to the fact that the name under which the Ulasi group filed suit, "Anambra State Community, Houston," had been registered with the Secretary of State only after Arubaleze had properly registered the name "Anambra State Community in Houston" in early October. Soon thereafter, the parties agreed to an injunction preventing the Arubaleze group from attending the Ulasi group's meetings.

The parties filed cross-motions for summary judgment. The Arubaleze group filed a no-evidence motion for summary judgment on the Ulasi group's claims. The Ulasi group filed its own traditional motion for summary judgment, and it later filed an amended petition with claims for conversion, fraud, and breach of fiduciary duty. In response, the Arubaleze group introduced letters from the national Anambra State Association, also known as "ASA-USA," discussing the

5

recognition granted to the parties' groups. All of the letters from the national organization were authenticated by business-records affidavits. In a letter dated May 11, 2011, the ASA-USA national executive council stated that the national organization recognized both of the groups and that the disputed funds should be shared equally between them. A second letter recognized the Arubaleze group, Anambra State Community in Houston, as an affiliate of the national organization.

The trial court held a hearing on the summary judgment motions. At the hearing, the trial court stated that it would allow the Arubaleze group to supplement their motions and the Ulasi group to respond. The Arubaleze group submitted another letter from the national organization. This letter, dated October 26, 2011, stated that the organization registered by the Arubaleze group, Anambra State Community in Houston, "is currently the sole and only recognized affiliate" of the national group, based on information that "members of ANASCO dissolved their executive, selected a caretaker committee, and changed the name of the association." The Ulasi group supplemented its briefing to inform the trial court of a ruling in the parallel litigation before the 80th Judicial District Court. That court had granted a summary-judgment motion filed by Ulasi and denied a motion filed by the Arubaleze group. According to the Ulasi group, the other court had determined that the members of the Arubaleze group were not entitled to claim they were the same association as ANASCO Houston.

The trial court in this case ultimately granted the Ulasi group's motion for summary judgment and awarded it the disputed amount of $9,150.00, denying the Arubaleze group's no-evidence motion.

The Arubaleze group filed a motion for new trial, which the trial court denied. They then filed timely notice of this appeal. *See* TEX. R. APP. P. 26.3 (providing that the appellate court may extend the time to file the notice of appeal if the party files notice of appeal within 15 days of the deadline to file and files a motion to extend time to file).

## Analysis

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on summary judgment, the movant has the burden of proving that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). A party moving for summary judgment on its claim must establish its right to summary judgment by conclusively proving all of the elements of its cause of action as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Anglo-Dutch Petroleum Int'l, Inc. v. Haskell*, 193 S.W.3d 87, 95 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). We review the evidence presented in the motion and response in the light most favorable to the

party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). A matter is conclusively established if reasonable people could not disagree as to the conclusion to be drawn from the evidence. *City of Keller*, 168 S.W.3d at 815–16.

If the summary judgment does not specify the grounds on which it was granted, the appealing party must demonstrate that none of the proposed grounds is sufficient to support the judgment. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex. 1989). When, as here, the trial court grants one summary judgment motion and denies the other, we review the summary-judgment proof presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Mann Frankfort*, 289 S.W.3d at 848; *Valence Operating Co.*, 164 S.W.3d at 661; *CenterPoint Energy Hous. Elec., L.L.P. v. Old TJC Co.*, 177 S.W.3d 425, 430 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

## I. Objections to evidence

The Arubaleze group objects to the admission of much of the Ulasi group's summary-judgment evidence. Specifically, they object to the assumed name application from 1999 as unauthenticated, the documents and minutes from various

8

meetings as hearsay, the copy of the check showing the $9,150 withdrawal as unauthenticated and hearsay, and the agreed order that the Arubaleze faction will no longer attend the Ulasi faction's meetings as irrelevant. They objected to the admission of this evidence in their briefing before the trial court, at the trial court's summary-judgment hearing, and in their motion for new trial. The trial court did not rule on their objections.

To preserve objections to the form of summary-judgment evidence for appeal, a party asserting the objections must obtain a ruling at or before the summary-judgment hearing. *Vice v. Kasprzak*, 318 S.W.3d 1, 11 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *see* TEX. R. APP. P. 33.1(a)(1); TEX. R. CIV. P. 166a(f). "[A] trial court's ruling on an objection to summary-judgment evidence is not implicit in its ruling on the motion for summary judgment." *Delfino v. Perry Homes*, 223 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.)). Objections to hearsay, improper authentication, or lack of foundation are defects in form, which require a ruling for appellate review. *Williams v. Bad-Dab, Inc.*, No. 01-11-00102-CV, 2012 WL 3776347, at *6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, no pet.) (mem. op.); *see Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990) (per curiam) (lack of personal knowledge is defect in form); *Stewart v. Sanmina Tex. L.P.*, 156

S.W.3d 198, 207 (Tex. App.—Dallas 2005, no pet.) (hearsay is defect in form).  A defect of substance, such as an objection that statements in an affidavit are conclusory, may be raised for the first time on appeal.  *See Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

The members of the Arubaleze group never secured a ruling on their objections.  Only if their objections had asserted a defect of substance would the objections be preserved.  *See Vice*, 318 S.W.3d at 11.  As they only objected based on defects in form—objections that the trial court never ruled upon—we conclude that the Arubaleze group has waived any complaint regarding the admissibility of the summary-judgment evidence.

## II.    Conversion

To prevail on its conversion claim on summary judgment, the Ulasi group must conclusively prove all of the elements of conversion, which are that (1) plaintiff owned, had legal possession, or was entitled to possession of the property, (2) the defendants assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights, and (3) the defendant refused the plaintiff's demand for return of the property.  *Burns v. Rochon*, 190 S.W.3d 263, 268 (Tex.

App.—Houston [1st Dist.] 2006, no pet.); *Automek, Inc. v. Orandy*, 105 S.W.3d 60, 63 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

The Ulasi group failed to conclusively prove all of the elements of its conversion claim because there is a genuine issue of material fact concerning the ownership and control of the account from which the funds were withdrawn and the propriety of the withdrawal. The Ulasi group established that it was the same "Anambra State Community, Houston" association that had existed since 1999 and that the Arubaleze group was not entitled to call itself by that name or by "ANASCO Houston." Ulasi stated in his affidavit that his group, not Arubaleze's, owned the account. He attached to his affidavit a copy of the check, which identified the address of the original ANASCO Houston association as the address of the account holder.

The Arubaleze group does not dispute that Ogadi withdrew $9,150 from the account as ANASCO Houston's treasurer. But it asserts that this was an authorized withdrawal. Arubaleze, who was chairman of ANASCO Houston's board, stated in his affidavit that his group had legitimately formed a new executive committee under the association's constitution and bylaws. In that affidavit, Arubaleze stated that the "new executives" of the organization authorized Ogadi's withdrawal of the funds from the account. They did so, he averred, to prevent Ulasi himself from exercising unauthorized control of the funds in the

account.  They allege that the account was an "unknown account" that Ulasi was using to make personal withdrawals.  To support this contention, they presented photocopies of two checks showing that Ulasi made payments to himself from the account.

The summary-judgment record is inadequate to resolve conclusively the question of whether the Arubaleze faction was legally empowered to authorize the withdrawal of the funds.  We therefore conclude that the summary-judgment evidence raises a fact issue controverting the Ulasi group's contention that the Arubaleze group exercised unlawful or unauthorized dominion and control over the funds.  Thus, the Ulasi group failed to meet its burden to conclusively prove its conversion claim.

## III.  Fraud

To prove entitlement to summary judgment on its fraud claim, the Ulasi group had to conclusively prove the elements of fraud.  They are:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).  The Ulasi group argues that Ogadi's withdrawal of the funds at the

12

direction of members of the Arubaleze group "clearly met the elements of [f]raud." But, as with the conversion claim, there is a genuine issue of material fact concerning the propriety of the withdrawal. To prove fraud, the facts must demonstrate that Ogadi and the others made a material representation that they knew was false. The members of the Arubaleze group argue that they were authorized to withdraw the funds after forming a new executive board. This suggests that Ogadi may not have made a false statement when she represented that she was authorized to withdraw the funds at the behest of Arubaleze and the "new executive."

Likewise, as the Arubaleze group presented evidence that its members believed that they were authorized to withdraw the funds as a legitimate "new executive" for the organization form the account, Ulasi's group did not establish that the representation that Ogadi was authorized to withdraw the funds was false. It is also entirely unclear as to whom the members of the Arubaleze group allegedly made their allegedly fraudulent statement.

For these reasons, the Ulasi group has not conclusively proven all of the elements of a fraud claim and was not entitled to summary judgment on this claim.

## IV. Breach of fiduciary duty

The elements of a claim of breach of fiduciary duty are: (1) the existence of a fiduciary relationship between the plaintiff and the defendant; (2) the defendant's

breach of the fiduciary duties arising from that relationship; and (3) injury to the plaintiff, or benefit to the defendant, resulting from that breach. *Plotkin v. Joekel*, 304 S.W.3d 455, 479 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The Ulasi group asserts that Ogadi breached the fiduciary duty she owed to ANASCO Houston as treasurer by withdrawing funds from the account and by failing to disclose that she had left ANASCO Houston and joined the Arubaleze group.

Even if Ogadi had a fiduciary relationship with ANASCO Houston, the summary-judgment evidence does not conclusively establish that she breached her duties. Ulasi stated that she was not authorized to make the withdrawal, but Arubaleze stated that his group's action in holding a separate meeting and directing Ogadi to withdraw the funds were legitimate and in accordance with the rules of ANASCO Houston. The Ulasi group did not demonstrate that these claims to authority were false, such as by introducing the association's constitution, by-laws, or other evidence demonstrating how the actions of Ogadi or the other Arubaleze group members breached their duties to the association. Accordingly, the Ulasi group has failed to prove conclusively as a matter of law all of the elements of its fiduciary duty claim.

## Conclusion

Having determined that the Ulasi group failed to prove conclusively all of the elements of any of its three causes of action as a matter of law, we reverse the

14

court's summary judgment in favor of the Ulasi group and remand the case for further proceedings.

Michael Massengale
Justice

Panel consists of Justices Jennings, Bland, and Massengale.