**Opinion issued September 23, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00472-CV

———————————

## JUNE OK AND T.T., A MINOR CHILD, Appellants

## V.

## AMY JOELYN QUEEN,  Appellee

On Appeal from County Civil Court at Law No. 2
Fort Bend County, Texas
Trial Court Case No. 17-CCV-060124

## MEMORANDUM OPINION

June Ok, and her minor son, T.T.,[1] sued Robert Queen and Amy Joelyn Queen

for injuries Ok and T.T. allegedly sustained in a motor vehicle accident. The trial

---

[1]     The record reflects that Ok and her minor son were plaintiffs in the trial court, and
        they are appellants here. We refer to the child by the pseudonym "T.T." *See* TEX.

court granted summary judgment in Robert's favor for Ok's and T.T.'s claims. The court then granted summary judgment in Amy's favor against only Ok based on limitations. The trial court later dismissed T.T.'s claims against Amy for want of prosecution without prejudice.

On appeal, Ok does not challenge the partial summary judgment in favor of Robert. Instead, in two issues, Ok challenges the summary judgment in favor of Amy. She asserts that there was a genuine issue of material fact regarding whether the statute of limitations was tolled under the doctrine of fraudulent concealment, and she contends that the trial court "erred in ruling that [her] summary judgment evidence was inadmissible hearsay." Even though he was named in the notice of appeal as an appellant, T.T. raises no issues on appeal regarding either the grant of summary judgment in Robert's favor or the dismissal of his claims against Amy.

---

R. APP. P. 9.9. We note that minors lack the capacity to bring a legal claim, and claims belonging to them must be asserted through a legal guardian, a next friend, or guardian ad litem. *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). Here, Ok did not file suit as next friend or guardian of T.T. Instead, as pleaded, T.T. filed suit individually on his own behalf. Amy raised T.T.'s lack of capacity as a verified plea in her second amended answer, but no further action was taken by the parties or the trial court regarding T.T.'s lack of capacity. *See id.* at 853 n.7 ("The burden is on the defendant to challenge capacity via verified plea, and the trial court should abate the case and give the plaintiff a reasonable time to cure any defect."); *Hunt v. City of Diboll*, 574 S.W.3d 406, 435 (Tex. App.—Tyler 2017, pet. denied) (stating that "a challenge to a plaintiff's right to maintain suit in the capacity in which he sues is properly raised by a verified motion to abate or plea in abatement, or else it is waived" and that "[t]his rule favors abatement over dismissal because abatement affords [plaintiff] an opportunity to cure the defect").

2

Because the trial court properly granted summary judgment on Ok's claims against Amy, and no other portion of the judgment is challenged, we affirm the trial court's judgment.

## Background

An automobile accident occurred on June 3, 2015, between a vehicle driven by Amy Joelyn Queen and another vehicle driven by June Ok.[2] T.T., Ok's minor son, was a passenger in Ok's vehicle. Alleging claims of negligence, Ok and T.T. filed suit on June 1, 2017, two days before the expiration of the two-year statute of limitations. But, instead of naming Amy as the defendant, they named Amy's husband, Robert Queen, as the only defendant.

On September 8, 2017, Ok and T.T. amended their petition, adding Amy as a defendant. They alleged that Amy and Robert had each been negligent in his or her operation of the motor vehicle that hit Ok's vehicle on June 3, 2015.

In his answer, Robert asserted there was "a defect of parties." He stated that he was not involved in the accident. Robert pointed out that, "as detailed in the Police Report, Amy Joelynn Queen, was the driver/owner of the vehicle involved in the collision." Amy also answered the suit, generally denying the allegations. She later amended her answer to assert the affirmative defense of limitations.

---

[2]     A third vehicle was also involved in the accident, but no one associated with that vehicle is a party to the underlying suit.

Ok and T.T. filed a second amended petition. They added a claim of negligent entrustment against Robert, and they asserted that Amy and Robert had fraudulently concealed the identity of the proper defendant.

Robert filed a combined no-evidence and traditional motion for summary judgment for Ok's and T.T.'s claims against him. The trial court signed an order granting Robert's summary-judgment motions.[3]

Amy also moved for summary judgment, later amending her motion. In her "Amended Second Motion for Summary Judgment," Amy moved for traditional summary judgment on Ok's claims against her but did not move for summary on T.T.'s claims. Amy argued that she was entitled to summary judgment against Ok because the statute of limitations for Ok's negligence claim against Amy had expired on June 3, 2017, two years after the June 3, 2015, motor-vehicle accident. Amy pointed out that when the suit was filed on June 1, 2017, Ok had misidentified Robert as the defendant. Ok did not file suit against Amy until she was added as a defendant in the first amended petition in September 2017, three months after the statute of limitations had expired. Amy also pointed out that any claim to recover medical expenses incurred for T.T.'s injuries while he was a minor belonged to June, as T.T.'s parent, not to T.T.

---

[3]    As mentioned, no appellate issues have been raised by Ok or T.T. regarding the grant of summary judgment in Robert's favor.

Amy asserted that Ok's claim that her identity had been fraudulently concealed failed because Ok had access to the accident report, which identified Amy as the driver and the owner of the vehicle that had collided with Ok's vehicle. As summary-judgment evidence, Amy offered a certified copy of the accident report obtained from the Texas Department of Transportation.

In her response, Ok claimed that there was "a genuine issue of material fact" regarding whether "[Amy's] misrepresentation and fraudulent concealment of the proper party caused [Ok] to be deceived as to the proper party to sue in this case." Although she offered no evidence to support the assertion, Ok claimed that she did not know the identity of the driver who had hit her vehicle because she had been rendered unconscious during the accident. As evidence of fraudulent concealment, Ok offered two letters from Farmers Insurance sent to her attorney before suit was filed, regarding the auto accident. Ok pointed to information in the top portion of the letters in which Robert was listed as the insured. Ok asserted that this was a misrepresentation by Amy and "her representatives" that Robert was the "responsible party" and concealed Amy's identity as "the proper party" for the two-year period following the accident.

Amy filed an objection to Ok's summary-judgment evidence. She asserted that the two letters attached to Ok's response were hearsay because they had not been authenticated as business records by the insurance company. Without ruling on

5

Amy's evidentiary objection, the trial court signed an order granting Amy's "Amended Second Motion for Summary Judgment" and ordering "that Plaintiff June Ok's claims against Defendant Amy Joelyn Queen are hereby dismissed with prejudice to the refiling of same, and that Plaintiff June Ok take nothing from Defendant Amy Joelyn Queen by this suit." The order did not adjudicate T.T.'s claims against Amy.

Ok filed a motion to reconsider the order and a motion to "reopen evidence" in which she asserted that she had properly authenticated the insurance-company letters. At the end of a hearing, the trial court denied Ok's motions.

Although T.T.'s claims against Amy remained pending, Ok and T.T. filed a notice of appeal, appealing the order granting summary judgment against Ok. They then filed a brief in this Court, raising two issues challenging the summary judgment, and Amy filed a responsive brief.

We notified the parties that the order granting summary judgment against Ok was not an appealable order because it did not adjudicate T.T.'s claims and did not contain language of finality. We informed the parties that the appeal was subject to dismissal for lack of jurisdiction unless a response was provided establishing this Court's jurisdiction. Ok and T.T. responded, stating that the lack of a signed final judgment was an "oversight" by the trial court. We abated the appeal to provide Ok

and T.T. an opportunity to obtain a final judgment that disposed of T.T.'s claims against Amy.

While the appeal was abated, the trial court signed a final judgment in which it reiterated that it had granted summary judgment against Ok and, for the first time, disposed of T.T.'s claims. The trial court stated that it had "called this cause and Minor Child's [T.T.'s] claims for trial, as previously noticed by the Court," the month after it had granted Amy's motion for summary judgment against Ok. The trial court stated that Amy and her counsel had appeared for trial, but "June Ok, Individually and on behalf of Minor Child, failed to appear, as did her counsel of record." Although no prior order dismissing T.T.'s claims appears in the record, the trial court noted that it had previously "dismissed the claims of Minor Child against Defendant Amy Joelynn Queen for want of prosecution without prejudice," presumably at the time T.T. failed to appear for trial. The trial court also stated in the judgment that it was incorporating its "prior rulings and orders" and that the judgment was "intended to be final for all purposes and dispose[d] of all claims by all Plaintiffs against [Amy]."

After a supplemental clerk's record containing the final judgment was filed, we issued an order reinstating the appeal. The order provided T.T. an opportunity to supplement his briefing "to assert any challenge that he may have to the trial court's judgment now disposing of his claims." No supplemental briefing has been filed,

7

and no challenge to the portion of the trial court's judgment dismissing T.T.'s claims against Amy for want of prosecution has been raised. Thus, the only issues on appeal are the two issues raised in the appellants' original brief, relating to the trial court's grant of summary judgment against Ok in favor of Amy.

## Summary Judgment

In her first issue, Ok contends that the trial court erred in granting summary judgment in Amy's favor.[4]

### A.  Standard of Review

We review de novo a trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *SeaBright Ins. Co. v. Lopez*,

---

[4]  In the briefing, both Ok and T.T. asserted that the trial court erred in granting summary judgment for Amy, but, because the summary judgment was granted only against Ok, we consider the issues relating to the summary judgment to be asserted only by Ok.

465 S.W.3d 637, 641 (Tex. 2015). A defendant is entitled to summary judgment if it conclusively negates an essential element of the plaintiff's case or conclusively establishes all elements of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). If the movant meets her burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

## B. Fraudulent Concealment

Amy moved for summary judgment based on the affirmative defense of limitations. A defendant moving for summary judgment based on limitations must conclusively establish the elements of that defense. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018). This includes conclusively establishing when the cause of action accrued. *Id.* at 833–34. As a general matter, "a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). But it is not necessary that the plaintiff know all the essential facts giving rise to the claim. *In re Jorden*, 249 S.W.3d 416, 422 (Tex. 2008) (orig. proceeding). Instead, "a cause of action accrues

9

for limitations purposes when a claimant learns of an injury, even if the rest of the essential facts are unknown." *Id.*

The parties here agree that the applicable statute of limitations for Ok's negligence claim against Amy is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Ok does not dispute that her negligence cause of action accrued on June 3, 2015, at the time she and T.T. were allegedly injured in the auto accident. Nor does she dispute that the suit was filed against Amy more than two years after accrual.[5] Instead, Ok asserts that summary judgment was not proper based on limitations because her summary-judgment evidence raised a genuine issue of material fact regarding whether the statute of limitations was tolled by the equitable doctrine of fraudulent concealment. Thus, we limit our review accordingly. *See Colorado v. Phuong Luu*, No. 14-18-00626-CV, 2019 WL 3489798, at *2 (Tex. App.—Houston [14th Dist.] Aug. 1, 2019, no pet.) (mem. op.) (citing *Purser v. Coralli*, No. 05-15-00359-CV, 2016 WL 6087675, at *2 (Tex. App.—Dallas Oct.

---

[5]    Ok also does not dispute that any claim for T.T.'s medical expenses, incurred before his eighteenth birthday, was barred by limitations because the claim belonged to Ok, not to T.T. *See Castelan v. Gerard*, No. 01-16-00463-CV, 2018 WL 2727781, at *2 (Tex. App.—Houston [1st Dist.] June 7, 2018, no pet.) (mem. op.) ("Although a minor may recover damages for pain and suffering, as well as other damages he may accrue after he reaches the age of majority, a cause of action to recover medical expenses incurred by a minor child through the date the child attains the age of majority belongs to the child's parents.") (citing *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983) ("Historically, in Texas, the right to recover for medical costs incurred [on] behalf of the minor is a cause of action belonging to the parents, unless such costs are a liability as to the minor's estate.")).

10

18, 2016, no pet.) (mem. op.) (addressing only question of fraudulent concealment when summary judgment nonmovants did not challenge on appeal whether movants had met their initial burden of establishing limitations defense)).

Limitations can be extended when a defendant has fraudulently concealed its wrongful conduct from the plaintiff. *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927 (Tex. 2011). Fraudulent concealment equitably tolls limitations "because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).

A plaintiff relying on the counter-defense of fraudulent concealment must assert it and present evidence raising a fact issue on each of its elements. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999); *see Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) (explaining that fraudulent concealment is "in the nature of an affirmative defense to [defendant's] limitations claim" and therefore plaintiff must raise fact question on each element). The elements of fraudulent concealment are (1) the existence of an underlying tort, (2) the defendant's knowledge of the tort, (3) the defendant's use of deception to conceal the tort, and (4) the plaintiff's reasonable reliance on the deception. *United Healthcare Servs., Inc. v. First St. Hosp. LP*, 570 S.W.3d 323, 341 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *see BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011) (stating that doctrine of fraudulent concealment requires

that "defendant actually knew the plaintiff was in fact wronged, and concealed that fact to deceive the plaintiff"). "The deception to conceal can be through either a misrepresentation or silence in the face of a duty to speak." *First St. Hosp. LP*, 570 S.W.3d at 342 (citing *Shah v. Moss*, 67 S.W.3d 836, 846 (Tex. 2001)).

"Fraudulent concealment only tolls the running of limitations until the fraud is discovered or could have been discovered with reasonable diligence." *Marshall*, 342 S.W.3d at 67. If the fraudulent concealment is based on a fraudulent representation by the defendant, the plaintiff must demonstrate that reliance on that representation was reasonable. *See id.* at 68. Reliance on a fraudulent representation "is not reasonable when information revealing the truth could have been discovered within the limitations period." *Id.*

In her summary-judgment response, Ok asserted that the June 23, 2015 and July 11, 2016 letters received by her attorney from Robert's and Amy's insurance company were sufficient to raise a genuine issue of material fact "regarding whether [Amy's] misrepresentation and fraudulent concealment of the proper party caused [Ok] to be deceived as to the proper party to sue in this case." The first letter—dated June 23, 2015—informed Ok's counsel how to submit medical bills and other documentation to the insurance company regarding Ok's and T.T.'s injuries from the accident. At the top of the letter was the following information:

| RE: | Insured: | Robert Queen |
|---|---|---|
| | Claim Unit Number: | ███████████ |
| | Policy Number: | ██████████ |
| | Loss Date: | 06/03/2015 |
| | Your Client(s): | █████████ |
| | | June Ok |
| | Subject: | Acknowledgement Letter |

The top portion of the second letter, dated July 11, 2016, contained the same information. That letter notified Ok that the claim had been reassigned to a new claims representative and provided the representative's phone number.

Relying on the letters, Ok asserted that Amy and "her representatives misrepresented to [her] that Robert Queen was the insured and responsible party and concealed the proper party." Ok claimed that Amy and "her representatives continued to make this same misrepresentation and concealment throughout the entire two-year period after the accident while [Ok and T.T.] were being treated for their injuries," thus, preventing Ok from timely filing suit against Amy within the two-year limitations period.

Viewing the summary-judgment evidence in the light most favorable to Ok, we disagree that the two letters from the insurance company raised an issue of material fact regarding whether Amy or "her representatives" used deception to conceal her identity. No information in the letters mentioned who was driving the vehicle that hit Ok's vehicle and nothing conveyed that Robert was the driver involved in the accident. Rather, the letter only identified Robert as an insured. By

identifying him as an insured, the letters showed only that he was covered under the policy. *See* Insured, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "insured" to mean "[s]omeone who is covered or protected by an insurance policy"). Thus, Robert's identification in the letter as an insured on the policy covering the claim is not evidence that Amy, Robert, or their insurance company concealed Amy's identity as the responsible driver. *See Colorado* (concluding, in auto-accident case, that appellant had not shown that defendant's identity had been fraudulently concealed when auto-insurance company identified defendant's mother as "named insured" in letters sent to appellant because identifying her as named insured did not indicate that defendant's identity as culpable driver was being concealed). The letters also indicated that the insurance company was providing Ok with information to facilitate resolution of the claim under the policy, including contact information for inquiries about the claim.

In addition, the certified copy of the accident report attached to Amy's motion for summary judgment identified Amy as the driver and the owner of the vehicle that hit Ok's vehicle. The report, which was obtained from the Texas Department of Transportation, shows that, even if the insurance company letters could be viewed to show fraudulent concealment (and they do not), Ok could have determined through reasonable diligence that Amy was the responsible driver. *See Marshall*, 342 S.W.3d at 67. The accident report also indicated that it was made on the same

14

day as the accident. Thus, because she could have discovered Amy's identity as the responsible driver within the limitations period, Ok was not entitled to tolling of the statute of limitations. *See Colorado*, 2019 WL 3489798, at \*3.

We conclude that the summary-judgment evidence did not raise a genuine issue of material fact on Ok's counter-affirmative defense of fraudulent concealment. *See id.* We hold that the trial court properly granted summary judgment in Amy's favor based on the statute of limitations.

We overrule Ok's first issue.

### Evidentiary Challenge

In her second issue, Ok contends that the trial court "erred in ruling that [her] summary judgment evidence was inadmissible hearsay."

The day after the hearing on the motion for summary judgment, Amy filed an objection to Ok's summary-judgment evidence. Amy asserted that the two letters from the insurance company attached to Ok's response were inadmissible hearsay because they had not been properly authenticated by the insurance company's custodian of records. *See* TEX. R. EVID. 803(6), 902(10).

We are mindful that "a trial court granting summary judgment without expressly ruling on objections to summary-judgment evidence does not impliedly sustain the objections." *Bosch v. Frost Nat'l Bank*, No. 01-14-00191-CV, 2015 WL 4463666, at \*4 (Tex. App.—Houston [1st Dist.] July 21, 2015, no pet.) (mem. op.)

(citing *Delfino v. Perry Homes*, 223 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2006, no pet.)). The day after Amy filed her objection to the evidence, the trial court signed an order granting Amy's motion for summary judgment, but the trial court never ruled on Amy's objection to Ok's summary-judgment evidence. The order granting Amy's motion for summary judgment against Ok—and the later-signed final judgment—stated that the trial court granted the motion after considering "the motion, the arguments of counsel and evidence presented." Because Amy's objection to Ok's evidence had not been ruled on at the time the trial court granted the motion, the letters attached to Ok's response would have been included in the evidence considered by the trial court when it granted the motion.

We review a trial court's ruling sustaining objections to summary judgment evidence for an abuse of discretion. *Chandler v. CSC Applied Techs., LLC*, 376 S.W.3d 802, 824 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The appellant bears the burden to bring forth a record sufficient to show that the trial court abused its discretion when it sustained the objections. *Id.* Here, Ok did not show that the trial court abused its discretion in sustaining Amy's objection to the letters because the record does not show that the trial court sustained the objections. And, in any event, the letters were not sufficient to create a genuine issue of material fact with respect to Ok's counter-defense of fraudulent concealment, as discussed above.

We overrule Ok's second issue.

**Conclusion**

We affirm the judgment of the trial court.

Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Farris.